W. L. MOOSE et al. v. C. J. CARSON et al.

*Municipal Corporations—Easement—Vested Rights—Constitution—Adverse Possession—Streets—Towns and Cities—Eminent Domain.*

1. Where a municipal corporation conveys land, bounded by established streets or alleys, and the grantee enters upon and improves it, a subsequent conveyance by the corporation of the land covered by such streets or alleys, whereby the easement of the appurtenant owner is interfered with, is void.

2. Such grantor will be precluded from reasserting any right to actual possession, at least so long as streets or alleys are used by the public.

3. Even when a conveyance of such easements by an individual is not formally accepted by the town authorities, if parties have been thereby induced to buy and improve lots upon them, the dedication is deemed irrevocable.

4. Adverse possession of a street or public square does not ripen into title as against the public.

5. Owners of town lots, under grant of the town, cannot be deprived of their easement appurtenant in the streets adjacent for the benefit of the town, nor can the General Assembly give such power.

6. A statute or ordinance which attempts to divest a person or corporation of private property for private purposes, or for public purposes, unless upon just compensation, and in a manner provided by law, is unconstitutional.

7. The law protects the title to easement in a street as fully as it does the title to the land.

8. A municipal corporation has no more right, even with the authority of the General Assembly, to lessen or diminish the width of the street than to convey it absolutely.

9. If the original conveyance did not operate to pass title to the street, when executed, the Legislature could not, pending suit, impart to it such vitality as to relate back to the commencement of the action and establish a right to recover possession.

This was a CIVIL ACTION for the recovery of land, tried at the Spring Term, 1889, of the Superior Court of ALEXANDER County, before *Clark, J.*

The land on which the town of Taylorsville, the county-seat of Alexander, is situated, was conveyed to James Thompson, Chairman of the Court of Pleas and Quarter Sessions, and his successors in office, on the 11th of June, 1847.

On the 23d of January, 1888, A. A. Hill, Mayor of the town of Taylorsville, and W. R. Sloan, Chairman of the Board of County Commissioners of Alexander, "in consideration of one hundred dollars to A. A. Hill paid by said parties of the second part (the said Sloan joining in the conveyance to convey any interest the county may have), convey to the plaintiffs J. C. Moose, W. L. Moose and J. F. Teague a portion of said land, including all of East Back street lying between North Main street and North Back street (both of which streets East Main crosses), except an alley, sixteen feet wide, next to defendant's lots."

The defendants, and those under whom they claim, bought lots bordering on and bounded by the portion of East Back street covered by deed of plaintiffs, and in controversy in 1848, under the county authorities, and have occupied the lots since the year 1853. When the ancestor of defendants bought, East Back street had been laid off sixty-six feet wide.

The plaintiffs claim in this action all of the original street covering the front of the defendants on East Back street, except the alley in their immediate front, mentioned in the case agreed.

The defendant, C. J. Carson, is the only heir at law, and D. P. Carson is the widow of J. M. Carson, and they claim title through the deeds, which were produced in evidence. A copy of the old town plat or survey was also shown in evidence. It is admitted that the town was located and laid off as indicated, in lots and streets, in the year 1847, and the *locus in quo* was conveyed by deed, and that many of

the streets remain unused to this day. The land in contro-
versy is that part of East Back street described in plaintiff's
deed, and embraced between North Main street and North
Back street. The width of East Back street is admitted to
be sixty-six feet, and that defendants are now in possession
of all East Back street lying between North Main street and
North Back street, except a small part inside of lot fences
Nos. 35 and 36, not in controversy, but defendants claim no
advantage by reason of possession of the street. At the time
plaintiffs purchased, the town authorities left an alley of
sixteen feet, adjoining defendants' lots Nos. 15 and 16, and
running back from North Main street to North Back street.
It is also admitted that lots Nos. 15 and 16, abutting said East
Back street, were purchased by the defendants, and those
under whom they claim, after the town was laid off into lots
and streets, as indicated in the plat, and have been in pos-
session of the defendants, and those under whom they claim,
ever since the purchase in 1848, and the defendants' deeds
cover the said lots.

The exhibits above referred to are not essential to the
proper understanding of this case.

Upon the facts, the Court was of opinion that the plain-
tiffs were not entitled to recover, and gave judgment accord-
ingly, that defendants go without day and recover costs.
The plaintiffs except to the judgment and appeal.

*Mr. E. C. Smith*, for the plaintiffs.
*Mr R. Z. Linney* (by brief), for the defendants.

AVERY, J. (after stating the facts): It is a well settled
principle that where a corporation, acting through its prop-
erly constituted authorities, or an individual, sells or con-
veys a town or city lot, bounded by streets or alleys, marked
out on a plat, and the grantee enters upon it and expends

money in improving it, he is entitled to a right of way over such street or alley as appurtenant to the land, and any subsequent conveyance by his grantor, or those claiming under him, of the portions of such streets or alleys by which the grantee's lot is bounded will be held void. *Pratt v. Law*, 4 Myer's Fed. Dig., Contracts, 1046; *Chapain v. Brown*, 10 At., 1 Rep., 639; *Sarky v. Municipality*, 61 Am. Dec., 221; *Port Hudson v. Chadwick*, 52 Mich., 320; *Harrison v. Augusta Factory*, 73 Ga., 447.

The grantor thus dedicates the land, covered by a street, to the use of the public, and will be precluded, by such appropriation, from reasserting any right to the actual possession of the land, at least so long as it remains in the public use. *Kennedy v. Jones*, 11 Ala., 63; *Proctor v. Lewiston*, 25 Ill., 153; *Adams v. Saratoga*, 11 Barb. (N. Y.), 414, *Penny Pot Landing v. Philadelphia*, 16 Penn., St. 79 Re. Pearl Street, 11 Pa. St., 565.

When, by laying off streets, third parties have been induced to buy lots adjacent to them and build on the lots, by an individual grantor, the dedication to the public use has been held irrevocable, although the streets may not have been formally accepted by the authorities of a town in which they lie. *Grogan v. Town of Hayward*, 4 Fed. Rep., 161.

No one can acquire, as a general rule, by adverse occupation, as against the public, the right to a street or square dedicated to the public use. *Hoadley v. City of San Francisco*, 50 Cal., 265; *People v. Pope*, 53 Cal., 437.

We may deduce from the rules of law already stated the further principle that the owners of a lot having a property or easement appurtenant in the adjacent streets, with reference to the advantages of which they expended their money for the land and the improvements put upon it, cannot be deprived of their rights by a sale for the benefit of the town that was, in effect, though not nominally, one of the grantors

through whom they claim title; nor has the Legislature the power to deprive them of such appurtenant rights by authorizing such grantor, whether a person or a corporation, to again enter upon and sell such streets to others. The General Assembly cannot, without a violation of the Constitution, divest, or provide for divesting, by law, the right of a person to his property, for the purpose of vesting such right in another person or corporation merely for *private use at all,* and it has no power, under the organic law, to provide for taking private property for *public purposes* without just compensation, to be ascertained in a mode pointed out by the law.

The appurtenant right of the owner of a lot in the street that formed its boundaries at the time when he, or those under whom he claims, bought it originally, with reference to such outlets, is protected against the reassertion of the grantor's claim to it just as fully as is his title to the lot conveyed, even though the State may undertake, by law, to sanction the re-entry on the streets by one claiming under his title. Neither the Mayor of the town of Taylorsville, nor the County Commissioners of Alexander County, by virtue of the authority derived from section 1, ch. 86, Private Laws of 1887, to hold lands conveyed to the town, nor under the more explicit power to sell streets, that, in terms, is given by ch. 8, Private Laws of 1889, are empowered to make a valid conveyance to any part of a street, with reference to which, as a boundary, the defendants, or those under whom they claim, bought lots in the year 1848 and improved them in 1853. *Pratt* v. *Law, supra; Adams* v. *C. B. & N. Co.,* N. R. W. Rep., vol. 39, p. 629; *Brooks* v. *Riding,* 46 Ind., 15.

The said Mayor or Commissioners cannot diminish the width of such streets from sixty-six feet, as laid off when the lots were originally sold, to sixteen, by conveying fifty feet of East Back street, extending from North Main to North Back street, and leaving an alley of only sixteen feet as a pass-way for the defendants along their front. Their

ancestor took with his title all the appurtenant advantages of a street sixty-six feet wide, and the tendency of converting it into an alley would; or might, be to impair the value of their property for the benefit of the town and without compensation to them. *Adams* v. *C. B. & N. R. Co., supra;* 2 Dillon on Con., § 675, p. 674, note 1.

The defendants do not own the fee in the street on their front, but hold only an appurtenant easement therein, and the municipal corporation that sold the lots occupy the same relation to them as would an individual grantor who had originally sold to them, or to those under whom they claim, and he could, neither with nor without authority purporting to be derived from the Legislature, have reasserted his right to the streets laid out by him before selling. *New Orleans* v. *United States*, 10 Peters, 717; *Grogan* v. *Town of Hayward, supra.*

The plaintiffs have shown no such title as would warrant the Court in granting a writ of possession. If the fee were vested in the town, which is not conceded, there would still be wanting in the plaintiffs, its grantees, the right to prevent possession and occupancy of a street dedicated to the public. *City of Cincinnati* v. *The Lessee of White*, 6 Peters, 431.

It is not necessary to decide whether the Mayor of the town of Taylorsville, by joining the Chairman of the Board of County Commissioners, could, by virtue of a private sale, make a valid conveyance of any land belonging to the town, when the statute ·(*The Code*, § 3824) gave the power to the "Mayor and Commissioners of any incorporated town to sell at public outcry, after thirty days' notice." If the original conveyance did not operate to pass the title to the street, when executed, the Legislature could not, pending this suit, impart to it such vitality as to relate back to the commencement of the action and establish plaintiffs' right to recover. The municipality derives its powers from the express grant of the Legislature, and exercises and enjoys them, subject

to the legislative .right of revocation; but, in controlling the property of the corporation, the General Assembly is restricted by the fundamental principle that private property cannot be taken for public use without just compensation, nor can a town be invested with authority to violate its implied contract (either directly or through its grantee, who is in privity with it), to provide a street sixty-six feet wide for the advantage of a lot conveyed 'by one who held in trust . for the benefit of the town.

Affirmed.