DAVIS v. MORRIS.

(Filed April 28, 1903.)

1. DEDICATION—*Streets—Estoppel.*

   Where lots are sold with reference to a street, it amounts to a dedication, and the grantees have a right to have the street kept open, although the town had never accepted the street for public use.

2. EJECTMENT—*Streets—Easements—Possession.*

   A person cannot bring ejectment against an abutting landowner for the possession of a street, the landowner having only an easement thereon and not being in possession.

3. TRESPASS—*Easement—Streets.*

   An action of trespass cannot be brought against an abutting landowner for placing his woodpile and pig-pen in the street.

ACTION by I. N. Davis against Emma Morris and husband, heard by Judge *A. L. Coble* and a jury, at September Term, 1902, of the Superior Court of GASTON County. From a judgment for the defendants, the plaintiff appealed.

*A. G. Mangum,* for the plaintiff.
*Burwell & Cansler,* for the defendants.

CLARK, C. J., The plaintiff laid off a strip of land twenty feet wide in the town of Gastonia and styled it "Davis Street," in the deeds to lots which he conveyed to sundry parties abutting on both sides of said street, the *feme* defendant being the purchaser and grantee of one of said lots. The evidence is uncontradicted that the defendants were induced to purchase their lot by the representations of the plaintiff that said 20 feet was a street, and that he intended to extend said street 500 feet north, and also south across the railroad. Before the bond for title to the defendants was executed, the plaintiff caused said street to be laid off in their presence, instructing the surveyor to lay off said 20 feet for

a street, making a plat thereof and located the boundaries and corners of said lot and street, which last he named "Davis" in honor of himself.   Under the bond for title, the defendants went into possession of said lot in 1889 and put up a residence, stable and other outhouses, and the plaintiff has executed to the *feme* defendant a deed for said lot, in which he calls for "Davis Street" for the west boundary of said lot, which he had also done in the bond for title.   The street has been used continuously as such since 1889 without objection by the plaintiff.   Such conduct is an estoppel on the plaintiff, and as "between the parties the dedication is irrevocable, though the street has never been accepted by the town for public use."   *State v. Fisher,* 117 N. C., at p. 740, citing *Moose v. Carson,* 104 N. C., 431; 7 L. R. A., 548; 17 Am. St. Rep., 681; *Grogan v. Haywood,* 4 Fed. Rep., 164, all of which has since been cited with approval by Douglas, J., in *Smith v. Goldsboro,* 121 N. C., at p. 354.   The same principle has been reiterated in *Conrad v. Land Co.,* 126 N. C., 776; *Collins v. Land Co.,* 128 N. C., 563; 83 Am. St. Rep., 720.

For the above reasons the plaintiff could not sustain his first cause of action to recover possession of said street, and for the further reason that the defendants are not in possession of the street, but have only an easement therein as abutting proprietors.

The second cause of action is for trespass in that the defendant placed his woodpile in the street (as has been not unusual in our smaller towns) and put his pig-pen 12 inches over the line.   The defendants corrected both these grounds of complaint when called to their attention, and besides it was not a matter for which the plaintiff could sustain an action for trespass.   The other exceptions require no discussion.   It was not material that there was no plat when the bond for title was executed to the defendants.   The line of

the street was marked off on the ground and the boundary of the street was called for in the bond for title and in the subsequent deed. The boundary was sufficiently described, *id certum est quod certum reddi potest.*

No Error.

WALKER, J., having been of counsel did not sit on the hearing of this case.