MILLIKEN v. DENNY.

(Filed April 24, 1906).

*Easement — How Acquired —Dedication—Intention—Evidence—Deeds—Estoppel.*

1. An easement may be acquired either by grant, dedication or prescription.

2. Dedicating may be either by express language, reservation or by conduct showing an intention to dedicate, which conduct may operate as an express dedication, as when a plat is made showing streets, alleys or public squares, and land sold either by express reference to such plats or by showing that they were used and referred to in the negotiation.

3. Testimony in regard to the understanding of the public about an alley at the time the plaintiff purchased his lot in 1901 was incompetent where the plaintiff was claiming the right to use the alley by virtue of an alleged dedication eleven years before.

4. Where, on an issue as to the dedication of an alley, a witness when asked regarding the termini of the alley, answered that it was from one street across another street and that he did not know how much further, his evidence was properly excluded.

5. The court properly excluded a map made long after the deed by virtue of which plaintiff claimed, where there was nothing connecting the map with the deed, or tending to show that the original grantee of the deed knew anything of it.

6. Where, at the time of executing a deed, the grantor neither expressly nor by implication dedicated a strip of land in the deed referred to as an alley to the use of the lot conveyed, thereby creating an easement appurtenant thereto, which passed with the title to the lot to a subsequent grantee, nothing thereafter said or done by the parties would impose the burden on the property.

7. The question whether one has dedicated his land to the use of the public is one of intention. The intention to dedicate must clearly appear, though such intention may be shown by deed, by words or by acts.

8. A deed of property describing the same as running from a certain stone, "thence north 84 degrees 22 minutes west, 340 feet along the south side of a ten foot alley," did not of itself impose an easement on the alley referred to which passes to the grantee or estopped the grantor from closing such alley.

ACTION by J. M. Milliken against G. W. Denny, heard by *Judge G. W. Ward* and a jury, at the October Term, 1905, of the Superior Court of GUILFORD. From a judgment of nonsuit, plaintiff appealed.

*King & Kimball* for the plaintiff.
*Douglas & Douglas* and *Scales, Taylor & Scales* for the defendant.

CONNOR, J.   When this cause was before us at the Spring Term, 1904, upon demurrer to plaintiff's complaint, we were of the opinion, and so decided, that the mere fact that the deed from Geo. A. Dick, trustee, and Mrs. Mary E. Dick, the beneficial owner, to Mrs. Julia P. Dick called for a "stone," thence north 84 degrees and 22 minutes, west 340 feet along the south side of the ten foot alley, was not *per se* sufficient to impose an easement upon the ten feet of land referred to as an alley, which passed to the owners of the lot conveyed.   When the decision of this court was certified to the Superior Court of Guilford, the plaintiff by leave of the

court amended his complaint to meet the objection raised by the demurrer, by alleging "That at the time the land was conveyed by George A. Dick, trustee, and Mrs. Mary E. Dick to Mrs. Julia P. Dick, the said grantors in said deed owned said ten foot alley and the land on Percy and Chestnut streets on the opposite side of said alley from the above described lot and the said grantors conveyed said lot next Summitt avenue, a part of which was afterwards conveyed to plaintiffs, to Julia P. Dick, and the said land across said alley to Geo. A. Dick, and left the alley open between said lots for the benefit thereof, and because by doing so the said lots were rendered more convenient and more valuable to the owners." They further allege that said alley was opened and dedicated to the use of the owners of said lots and also to the use of the public when said lot was conveyed as aforesaid, and said alley being so opened was being used by the owners of said lots and by the defendants up to the time defendant took a deed therefor and closed said alley. "That said alley was distinctly dedicated to the use of the owners of said lots by being left unconveyed when the said lots were conveyed, as aforesaid, by being open to use of the owners of said lots and the public generally, by being actually kept open and used by the owners of the lots and the public from the time of said original conveyance, etc. That it was the purpose and intention of Mrs. Dick and her trustee and of the other persons who conveyed either of the lots when the conveyance was made to dedicate said alley to the use of the owners of said lots for all time, and that same was so dedicated." The amendment to the complaint alleges a dedication of the alley by Geo. A. Dick, trustee, and Mrs. Mary E. Dick to the use both of the grantees of the lots and their successors in title and to the public, at the time of executing the deed to Mrs. Julia P. Dick. The manner of dedication, it is alleged, "was by being left unconveyed when the lot was conveyed as aforesaid." It is not very clear from the lan-

guage of the amendment whether the plaintiff claims an easement in the ten feet of land called an alley in the deeds as appurtenant to his lot as a private way, dedicated to the use of both lots, or as a public alley. Of course if the land was dedicated to the use of the public, over which all persons without regard to the ownership or use of the adjoining property might pass, it became upon acceptance by the public, a public highway which excludes the idea of private ownership. No issues were tendered by plaintiff. There being no allegation nor evidence that the way was ever accepted by the public, that is, by the duly constituted authorities, we assume that plaintiff's claim is based upon an easement appurtenant to the lot conveyed by Mrs. Dick to Mrs. Julia P. Dick, the title to which by successive conveyances is vested in him. *Boyden v. Achenbach,* 79 N. C., 539; *Kennedy v. Williams,* 87 N. C., 6. It is elementary learning laid down in all of the books and adjudged cases on the subject that an easement may be acquired either by grant, dedication or prescription. The plaintiff says that the easement which he claims was acquired by dedication, and that such dedication is evidenced by the fact that the alley was not conveyed when the lots were conveyed. It is well settled that dedication may be either by express language, reservation or by conduct showing an intention to dedicate; such conduct may operate as an express dedication, as when a plat is made showing streets, alleys or public squares and the land is sold, either by express reference to such plats or by showing that they were used and referred to in the negotiation, as in *Moose v. Carson,* 104 N. C., 431; *Conrad v. Land Co.,* 126 N. C., 776; *Hughes v. Clark,* 134 N. C., 457. The plaintiff here does not allege that any plat was shown or in existence when the lot was conveyed to Mrs. Julia P. Dick, or that there was any agreement made between the grantors and grantees that the alley was to be kept open. He says that the grantors left the said alley open between said lots for the benefit thereof,

and because by so doing the said lots were rendered more convenient and more valuable to the owners; "the said alley was opened and dedicated to the use of the owners of said lots." We think that upon a fair construction of the amended complaint, the plaintiff alleges that, omitting any reference to the title of the trustees, Mrs. Dick being the owner of the entire tract conveyed August 14, 1890, to Mrs. Julia P. Dick, the lot now owned by plaintiff, by the following description: "Beginning at a stone on Chestnut street ten feet south of the southwest corner of Geo. A. Dick's home lot, running thence along Chestnut street south 3 degrees and 45 minutes west 378½ feet to a stone; thence south 84 degrees and 22 minutes east 316½ feet to a stone on Percy street; thence north 6 degrees and 39 minutes east 389 feet to a stone; thence north 84 degrees and 22 minutes west 340 feet along the south line of the ten foot alleyway, containing three acres;" and thereby dedicated said alley to the use of the owners of said lots. It is said in defendant's brief that the lot was given to Mrs. Julia P. Dick, but only the description is set out in the record, and there is no evidence in regard to the consideration upon which the deed was made. His Honor was of the opinion that upon the whole of the evidence plaintiff was not entitled to the relief demanded, and rendered judgment dismissing the action. Before considering the exception to the ruling of His Honor in this respect, it is necessary to pass upon his exceptions directed to the exclusion of testimony. Plaintiff was asked in regard to "the understanding of the public about the alley at the time he purchased." This, upon objection, was excluded. Plaintiff purchased the lot in 1901. We concur with His Honor that the testimony was not competent. The plaintiff was claiming by virtue of an alleged dedication by Mrs. Dick, August, 1890. We cannot perceive how the understanding of the public eleven years afterwards was relevant to that question. Plaintiff was asked regarding the termini of the alley and

his answer showed that he did not know. He says, "From Percy street across Chestnut street and I do not know how much further." The ruling was correct. The other exceptions are directed to the exclusion of a map made long after the deed to Mrs. Julia P. Dick. There is nothing connecting the map with the deed, or tending to show that Mrs. Dick knew anything of it. These exceptions are not pressed in plaintiff's brief. We have considered them in examining the entire evidence. They cannot be sustained. We are thus brought to a consideration of His Honor's ruling upon defendant's demurrer to the evidence. Very much of the evidence is directed to the manner in which the ten feet of land, referred to in the deeds as an alleyway, has been used since the execution of the deed of August, 1890. As twenty years have not passed since that date, plaintiff concedes that he has not established a right to the easement by prescription. We find no evidence of any declaration made by Mrs. Dick or her trustees, Geo. A. Dick, cotemporaneous with or subsequent to the deed. If Mrs. Dick did not, at the time she executed the deed of August, 1890, either expressly or by implication, dedicate the strip of land referred to as an alley to the use of the lot conveyed to Mrs. Julia Dick, thereby creating an easement appurtenant thereto, which passed with the title to the plaintiff, nothing said or done by the persons thereafter could impose the burden thereon. The description in the deeds made by her do not cover the land, therefore the title remained in her and passed to defendant in the same plight and condition as she held it. We are thus brought to a consideration of the question whether, in the language of the complaint, the strip of ten feet was dedicated "by being left unconveyed when the lots were conveyed." The authorities in regard to acts which will by implication operate to impose an easement upon land are more numerous than uniform. After reviewing a large number of decisions, Mr. Washburn says: "The acts and declarations of the land-

owner indicating the intent to dedicate his land to the public use, must be unmistakable in their purpose, and decisive in their character to have that effect." Easements, 188 (3 Ed.). The question whether one has dedicated his land to the use of the public is one of intention. "There can be no such dedication contrary to the intention of the landowner. The intention to dedicate must clearly appear, though such intention may be shown by deed, by words or by acts. If by words, the words must be unequivocal and without ambiguity. If by acts, they must be such acts as are inconsistent and irreconcilable with any construction except the assent of the owner of such dedication." Jones on Easements, sec. 425, 13 Cyc., 451. We find that the question as to what act or conduct will amount to a dedication of one's land to public use as a highway has been often considered by the courts of this country. *Gibson, C. J.,* in *Gowen v. Philadelphia Ex. Co.,* 5 Watts & S., 143, discussed it at length, drawing the distinction between a dedication and a mere license. An examination of the decided cases discloses that in almost every case where a private right of way was asserted, express language is found in the deed describing and defining such right, the litigation growing out of a difference of opinion. In the absence of any such language indicating that an easement was created over lands of the grantor not included in the description, constituting a perpetual burden upon them, the evidence should be clear and unmistakable. It may well be that as Mrs. Dick owned other land lying back of the lots conveyed, she reserved the alley for her own use, or that as she was providing homes for her own children she reserved the alley, conferring upon them a license to use it without any intention of imposing a permanent easement upon it. The testimony casts no light upon her purpose and, in the absence of testimony tending to show that she dedicated it, as alleged, there was nothing to be submitted to the jury. The evidence does tend to show that plaintiff and others supposed

that the alley was a private way. This was so because of the manner in which it was used and upon the question of prescription was both relevant and forceful, but threw no light upon Mrs. Dick's intention in reserving it at the time she executed the deed to Mrs. Julia P. Dick. Mr. Cone, who purchased the lot in 1895, and sold to plaintiff, says that no verbal representation was made to him in regard to the property—he does not remember that any map was shown him. We do not think that the language of Mrs. Dick's deed estopped her from closing the alley, and whatever right she had passed to her grantee—the defendant. If purchasers wish to acquire a right of way or other easement over other lands of their grantor, it is very easy to have it so declared in the deed of conveyance. It would be a dangerous invasion of rights of property after many years and after the removal by death or otherwise of the original parties to the deed and conditions have changed to impose, by implication, upon the slippery memory of witnesses, such burdens on land. No party to the deeds made by Mrs. Dick respecting this property was called. No one testifies to any declaration of either grantors or grantees. The testimony when analyzed leaves nothing to guide us, as to Mrs. Dick's intention, than the language of the deed itself. There is no evidence respecting the value of the property at the date of the deed, or to what extent, if at all, the alley affected its value. It does not appear that it was necessary to the use of the property that a right of way over this alley should attach. It was bounded on two sides by streets. "No implication of a grant of a right of way can arise from proof that the land granted cannot be conveniently occupied without it. Its foundation rests on necessity, not convenience." 14 Cyc., 1173.

Upon consideration of the entire evidence, we are of the opinion that His Honor properly sustained defendant's demurrer. There is

No Error.