G. G. GREEN AND WIFE, ELNA S. GREEN, v. W. M. BARBEE AND WIFE, NANCY E. BARBEE.

(Filed 12 June, 1953.)

1. **Easements § ½—**

   As a general rule, an easement may be acquired by grant, dedication or prescription.

2. **Easements § 2—**

   Dedication of an easement may be made by express language, reservation, or by conduct showing an intention to dedicate.

3. **Same—**

   In order for the division and sale of a tract of land by lot to create an easement by implication, it must appear that at the time of sale the easement had been so long continued and was so obvious as to show it was meant to be permanent, and that at that time the easement was necessary to the beneficial enjoyment of the land granted or retained.

4. **Same—Descriptions in deeds conveying land by lots held insufficient to create easement by implication.**

   The owner of a tract of land facing upon a street divided same into three lots, two on the street and one lot in the rear, and sold, successively, the two lots facing the street, reserving a ten-foot alleyway between the two front lots to the rear lot. The deed to the western front lot called for the alleyway as its eastern boundary, and the deed to the eastern front lot called for the alleyway as its western boundary. The description in the deed to the back lot, later executed, stated that it fronted on the ten-foot alley. The owner later quitclaimed the alleyway to the owners of the front lots. *Held:* The alleyway could not be a way of necessity to the lots fronting on the street, and in the absence of allegation that it was a way of necessity to the back lot at the time of the conveyance of the backlot, the mere reference in the deeds to the alleyway is insufficient to create an easement by implication appurtenant to any one of the three lots.

APPEAL by plaintiffs from *Morris, J.,* February Term, 1953, of DURHAM.

This is an action to determine whether the plaintiffs have an easement in the alley hereinafter described.

The cause was heard by the trial judge upon the pleadings and stipulations, the parties having waived trial by jury.

It was stipulated that the pleadings raise this single issue: "Do the several deeds as set forth in the complaint by which O. K. Proctor conveyed out of himself title to the lands now owned by the plaintiffs and defendants create by dedication, express or implied, an easement in the 10-foot strip of land designated as a 10-foot alleyway, to the benefit of the plaintiffs in this cause as alleged?"

Prior to 1895, O. K. Proctor was the owner of a tract of land lying north of what was known as Angier Avenue (now Ashe Street and here-

inafter so called), in the City of Durham. By deed dated 19 February, 1895, he conveyed a parcel of this land which bordered on Ashe Street to D. R. Bynum. This deed includes in its description mention of a 10-foot alley as a part of its metes and bounds. In fact, the alleyway constituted the eastern boundary of the lot conveyed and this lot through *mesne* conveyances is now owned by the plaintiffs, and will be referred to hereinafter as the Bynum lot.

Rebecca Graham Shepherd became the owner of the lot lying east of the alley referred to in the above deed, which lot is now owned by the defendants. Her deed set out in the record was executed 27 October, 1917, to correct the description in the original deed executed 19 February, 1895, but what the description was in the original deed does not appear and there is no indication it was ever recorded. The 1917 deed merely calls for the alley as the western boundary of the lot conveyed for a distance of 210 feet, which was the depth of the two lots conveyed, fronting on Ashe Street. This lot will be referred to hereinafter as the Shepherd lot.

On 7 January, 1907, O. K. Proctor executed a deed conveying to one Hob Norwood, from or through whom plaintiffs derived title to the northern tract of their property which lies to the rear of the above lots, the southern line of which runs parallel with Ashe Street, but 210 feet to the north of said street. This deed, in its description by metes and bounds, includes the following language: ". . . fronting a 10-foot alley running from Angier Avenue and between Bynum and Graham lots, . . ." This lot will be hereinafter identified as the Norwood lot.

It was further stipulated that, "for the purpose of this action, it is agreed that as of the date of the execution of the deeds from O. K. Proctor to his several grantees the said O. K. Proctor owned the fee to the 10-foot strip of land referred to as the 10-foot alleyway."

According to the record, Jesse H. Proctor, Rosa B. Proctor, S. LeRoy Proctor, and Thelma F. Proctor, on 18 October, 1947, executed a deed quitclaiming and conveying to the defendants W. M. Barbee and wife, all their right, title, and interest in and to the 10-foot alley in question, and these defendants have closed the alley.

When the matter was heard, it appearing to the court that the plaintiffs do not allege an easement by prescription, but that the alley was dedicated by the grantor, O. K. Proctor, by his several deeds as set out in the complaint, and that said dedication arises by implication; the court found as a fact "that the conveyances from O. K. Proctor were not pursuant to any general plan of development, nor based upon any map of the property as of the date of said respective deeds." Whereupon the court held that the language contained in the deeds is not such as to constitute a dedication and that the issue submitted should be answered in the negative

as a matter of law. Judgment was accordingly entered, and the plaintiffs appeal and assign error.

*Jas. B. Patton and C. Horton Poe, Jr., for plaintiffs, appellants.*
*Edwards & Sanders for defendants, appellees.*

DENNY, J. The plaintiffs challenge the correctness of the judgment of the court below on two grounds: (1) They except and assign as error the failure of the court to hold that the alleyway reserved by O. K. Proctor was dedicated by implication upon the conveyance of all the land contiguous to the alley, as shown by the deeds referred to in the record; (2) they except and assign as error the refusal of the court to hold that O. K. Proctor reserved an easement in the 10 by 210 foot alley upon the conveyance of one lot to D. R. Bynum and another to Rebecca Graham Shepherd, in 1895, and that the reserved easement passed to Hob Norwood by deed executed to him by O. K. Proctor dated 7 January, 1907, conveying the rear or north lot.

There is no exception to the finding of the court below to the effect that O. K. Proctor, the original grantor, did not convey the three lots described in the deeds referred to in the complaint, pursuant to any general plan of development nor as described or shown on any map of the property as of the date of his respective deeds.

Therefore, it becomes our duty to determine whether the court below, upon a consideration of the pleadings, stipulations, and the findings of fact, reached the correct legal conclusions.

It is the general rule that an easement may be acquired by grant, dedication, or prescription. The plaintiffs do not claim an easement by prescription, but by dedication or implication. It is well settled that a dedication may be by express language, reservation, or by conduct showing an intention to dedicate; such conduct may operate as an express dedication, as where a plat is made showing streets, alleys, or parks, and the land is sold, either by express reference to such plat or by showing that the plat was used and referred to in the negotiations. *Milliken v. Denny,* 141 N.C. 224, 53 S.E. 867; *Moose v. Carson,* 104 N.C. 431, 10 S.E. 689; *Conrad v. Land Co.,* 126 N.C. 776, 36 S.E. 282; *Hughes v. Clark,* 134 N.C. 457, 46 S.E. 956; *Green v. Miller,* 161 N.C. 24, 76 S.E. 505; *Haggard v. Mitchell,* 180 N.C. 255, 104 S.E. 561; *Draper v. Conner,* 187 N.C. 18, 121 S.E. 29.

We think it is clear, under our decisions, that O. K. Proctor, in retaining title to the 10-foot alley, in 1895, when he executed deeds to D. R. Bynum and Rebecca Graham Shepherd, did not give these grantees an easement by dedication or otherwise in this unconveyed strip of land. *Milliken v. Denny, supra; Carmon v. Dick,* 170 N.C. 305, 87 S.E. 224.

In the last cited case it is said: "Three things are essential to the creation of an easement upon the severance of an estate, upon the ground that the owner before the severance made or used an improvement in one part of the estate for the benefit of another. First, there must be a separation of the title; second, it must appear that before the separation took place the use which gives rise to the easement shall have been so long continued and so obvious as to show that it was meant to be permanent; and, third, that the easement shall be necessary to the beneficial enjoyment of the land granted or retained. An easement which is apparent and continuous, such as a drain or other artificial watercourse, a thing which is continuous in its service, and which does not require any active intervention of the owner for its continuance, and can always be seen or known on careful inspection, will pass on the severance of two tenements as appurtenant, without the use of the word 'appurtenances'; but an easement which is not apparent and noncontinuous, such as a right of way, which is enjoyed at intervals, leaving no visible sign, in the interim, of its existence, will not pass unless the grantor uses language sufficient to create the easement *de novo.*"

In the case of *Milliken v. Denny, supra,* the precise question raised by the plaintiffs' first assignment of error, was presented. George A. Dick, trustee, and Mrs. Mary E. Dick, the beneficial owner, executed a deed to Mrs. Julia P. Dick for certain lands. The deed called for, "a 'stone,' thence north 84 degrees 22 minutes west 340 feet along the south side of the ten-foot alley." There, as here, it was contended that the 10-foot alley was dedicated by being left unconveyed when the lot was conveyed to Mrs. Julia P. Dick and another tract of land owned by the grantors lying on the opposite side of the alley was conveyed to a third party, a part of which was afterwards conveyed to plaintiffs. The Court held that the language of Mrs. Dick's deed did not estop her from closing the alley and that whatever right she had in it passed to her grantee, the defendant. Moreover, the Court pointed out that an easement by implication will not arise unless it rests on necessity, not convenience, citing 14 Cyc., 1173. In sustaining the nonsuit entered in the court below, *Connor, J.,* in speaking for the Court, said: "If Mrs. Dick did not, at the time she executed the deed of August, 1890, either expressly or by implication, dedicate the strip of land referred to as an alley to the use of the lot conveyed to Mrs. Julia Dick, thereby creating an easement appurtenant thereto, which passed with the title to the plaintiff, nothing said or done by the persons thereafter could impose the burden thereon. The description in the deeds made by her do not cover the land, therefore the title remained in her, and passed to defendant in the same plight and condition as she held it."

Certainly, the unconveyed 10-foot strip of land lying between the Bynum and Shepherd lots was not a way of necessity for Bynum and Shepherd since the lots conveyed to them fronted on Ashe Street. And since the alley was not a way of necessity at the time the lots were originally conveyed in 1895, the language in the respective deeds was insufficient to create an easement therein in favor of the grantees by implication or otherwise. *Milliken v. Denny, supra.* This assignment of error will not be upheld.

Under their second assignment of error, the plaintiffs take the position that regardless of whether they acquired an easement in the 10-foot alley in question, under their chain of title to the Bynum lot, that when O. K. Proctor conveyed the lot which lies to the rear of the Bynum and Shepherd lots to Hob Norwood in 1907, that an easement in the alley passed to Norwood and from Norwood through *mesne* conveyances to them.

The contention of the plaintiffs in this respect cannot be sustained. There is no allegation or stipulation to the effect that at the time Proctor conveyed to Norwood, in 1907, the use of the alley had been so long continued and so obvious or manifest as to show that it was meant to be permanent; or that the easement was necessary to the beneficial enjoyment of the lot conveyed, as pointed out in *Carmon v. Dick, supra,* as being essential to the creation of an easement upon the severance of an estate. 28 C.J.S., Easements, section 33 (a), page 691, *et seq.* Furthermore, it is the general rule that where a private right of way is claimed and there is no language in the deed "indicating that an easement was created over lands of the grantor not included in the description, constituting a perpetual burden upon them, the evidence should be clear and unmistakable." *Milliken v. Denny, supra.* In the instant case, we have no evidence from which an intent on the part of the grantor to establish the easement claimed, except the bare references to the alley for descriptive purposes. This alone is insufficient.

It does appear, however, from the record that the plaintiffs became the owners of the Bynum lot which fronts 105.04 feet on Ashe Street, in the City of Durham, on 27 September, 1939, and of the Norwood lot, which adjoins the Bynum lot on the north, by deed dated 12 March, 1942. Thereafter, on 12 September, 1947, the plaintiffs isolated the northern end of the Bynum lot and the Norwood lot from Ashe Street by conveying the southern portion of the Bynum lot, being all their frontage on Ashe Street, to Hillman D. Ray. Therefore, they allege that said alleyway is the only means of ingress and egress to a public street from that portion of the Bynum lot that was retained and now owned by them.

The conduct of the plaintiffs in isolating themselves from Ashe Street by conveying to Hillman D. Ray all their street frontage, does not change the status of the retained portion of this lot with respect to an easement

in the adjoining alley from that which existed when it was originally conveyed in 1895.

The plaintiffs also allege that the alley between the Bynum and Shepherd lots, now owned by the plaintiffs and defendants respectively, is the only means of ingress and egress to a public street from their Norwood lot, which adjoins the portion of the Bynum lot retained and owned by them. But as we have heretofore pointed out, there is no allegation in the complaint to the effect that the alleyway in question was the only means of ingress and egress to this lot when it was conveyed to Norwood in 1907, or that an easement therein was necessary to the beneficial enjoyment thereof. Certainly the alley was not a way of necessity to and from the Norwood lot so long as the plaintiffs owned both the Norwood and Bynum lots.

We concur in the view of the court below to the effect that O. K. Proctor did not convey to Hob Norwood an easement over the 10-foot strip of land lying between the Bynum and Shepherd lots when he conveyed the land to Hob Norwood described in the deed dated 14 January, 1907. *Milliken v. Denny, supra.*

We concede, however, that there are authorities which hold that where a conveyance merely describes the land conveyed, as bounded by a road, street, or alley, the fee of which is vested in the grantor, there is an implied grant of easement in such road, street, or alley. See 28 C.J.S., Easements, section 40, page 704, and cited cases.

The cases of *Harris v. Carter,* 189 N.C. 295, 127 S.E. 1; *Ferrell v. Trust Co.,* 221 N.C. 432, 20 S.E. 2d 329; and *Packard v. Smart,* 224 N.C. 480, 31 S.E. 2d 517, cited and relied upon by the plaintiffs, are distinguishable and not controlling on the present record.

The judgment of the court below is

Affirmed.