S. F. CONRAD, W. L. HILL and THEONE L. HILL, P. H. HANES
and J. W. HANES, THOMAS PATTERSON, A. F. MESSICK,
MINNIE E. MESSICK, and J. A. EFIRD v. WEST
END HOTEL AND LAND COMPANY and
W. E. TAYLOR.

(Decided June 5, 1900.)

*Dedication for Public Use—Sale by Recorded Map and
Reference—"Grace Court"—Notice by Purchaser.*

1. If the owner of land lays it off into squares, lots and streets with
   a view to form a town or city, or as a suburb thereto, cer-
   tainly if he causes the same to be registered in the county
   where the land is situated, and sells any part of the lots or
   squares, and in the deed refers in the description thereof to
   the plat, such reference will constitute an irrecoverable dedica-
   tion to the public of the streets marked upon the plat.

2. The same principle would apply to those pieces of land which
   were marked on such a plat as squares, or courts, or parks, and
   that streets and public grounds designated on such a map
   should forever be open to the purchasers and the public.

3. It is immaterial whether the public authorities of the city or
   county had formally accepted the dedication of the park or
   square designated as "Grace Court" on the map. The sale
   was based not merely on the price paid for the lots, but there
   was the further consideration that the streets and public
   grounds designated on the map should forever be open to the
   purchasers and their assigns.

CIVIL ACTION for injunction to enjoin the defendant Land
Co., from dividing up and selling off an open square, known
as "Grace Court," and from closing up or narrowing the streets
leading to and surrounding it, tried before *Shaw, J.,* at
November Term, 1899, of the Superior Court of FORSYTH
County.

The defendant Land Co. were the owners of a tract of

land on the western and northern suburbs of city of Win-ston, which they had laid off into lots, with streets and a pub-lic square, known as Grace Court, all designated on a map, which was recorded. The plaintiffs allege that they had bought and paid for building lots, and some of them had built on their lots, designated on said map, and that the defendant company was about to close up Grace Court, for the purpose of selling it off, had sold part to defendant Taylor, who bought with notice, and was offering more of it for sale, and was narrowing and closing up streets indicated on the map.

The defendant company denied selling by the map referred to, but by a certain lithographic map shown to plaintiff pur-chasers, when they bought, on which Grace Court and other squares were reserved for future disposition. Evidence tend-ing to support the allegation of defendants was excluded, on the ground that the defendant company was precluded by the map, which they had placed on record. Defendants excepted.

There was a verdict in favor of plaintiffs, under instruction from the Court, and the injunction order was granted. De-fendants appealed.

*Messrs. Watson, Buxton & Watson,* for appellants.
*Jones & Patterson,* and *Glenn & Manly,* for appellees.

MONTGOMERY, J. In the year 1890 the defendant, The West End Hotel and Land Company, was the owner and in possession of a tract of land situated and lying on the western and northern boundaries of the city of Winston. The de-fendant company, with the view of opening up the tract of land as suburbs of the city, laid off the same into lots to be sold for homes, public buildings, and squares, with streets and avenues. Immediately at the western end of Fourth street of the city, there was an open space of land, pear-shaped,

which the company called "Grace Court." The company extended Fourth street along the southern edge of Grace Court, and turned it toward the north along the western edge of Grace Court, and then by an avenue along the northern edge of the court to Fourth street. On the western side of the street, lying on the western edge of Grace Court, was a piece of land on which the company was to build the Zinzendorf Hotel. A map with the outlines, which we have described, was made by a competent engineer in the employment of defendant company, and by its direction registered in the office of the Register of Deeds of Forsyth County, in Book 35, p. 136.

Afterwards, the plaintiffs each purchased from the defendant company one of the lots so laid off, lying along the Southern edge of Fourth street as it ran along Grace Court. In the deeds which were executed by defendant company to the plaintiff purchasers, reference was made to the plat which had been filed in the register's office, which plat as we have seen contained the square called "Grace Court" and the streets surrounding and adjoining. Several of the lots have been built upon as homes. Since the execution of the deeds to the plaintiffs, the defendant company has sold and conveyed by deed a part of Grace Court to the defendant W. B. Taylor, and is endeavoring to sell other parts of the court.

The plaintiffs claim that the registration of the plat of the land of defendant company, and the reference made in its deed to the plaintiffs to that plat, is a dedication of Grace Court to their use, and to the use of the public as an open court, and can not be closed by the defendant, or any persons claiming under it, by the erection of buildings thereon or by any other means.

This action was brought for a perpetual injunction restraining the defendant hotel and land company from disposing of

the court or any part thereof for private purposes, or from otherwise depriving the plaintiffs of their enjoyment of the court as a public open ground, and from narrowing and closing up the streets surrounding the same; and that the defendant Taylor be forever restrained from erecting any building or placing other obstruction on any part of Grace Court, or from using the same for any private purpose.

The defendants set up as a defense the averment that, notwithstanding the registration of the plat by the defendant company heretofore described, the plaintiffs, in truth, bought their lots not by the plat registered, but under a certain lithographic map shown to the plaintiff purchasers at the time they bought, and in which Grace Court and other squares were reserved as the property of the defendant company and subject to its future disposition. The evidence of the defendants tending to show their contentions was rejected by the Court as incompetent, and the Court instructed the jury that,if they believed the evidence,to answer the issues in favor of the plaintiffs.

We agree with his Honor that, as the defendant company in the execution of its deeds to the plaintiffs referred therein to the plat and map which they had caused to be registered, and not to the lithographed map, they were concluded thereby, and that no evidence to the contrary was admissible. If the owner of land lays it off into squares, lots and streets with a view to form a town or city, or as a suburb to a town or city, certainly if he causes the same to be registered in the county where the land is situated and sells any part of the lots or squares, and in the deed refers in the description thereof to the plat, such reference will constitute an irrevocable dedication to the public of the streets marked upon the plat. *Meier v. Portland,* 16 Oregon, 500. We think the same principle would apply to those pieces of land which were marked on

CONRAD *v.* LAND CO.

such a plat as squares, or courts, or parks, and that streets and public grounds designated on such a map should forever be open to the purchasers and to the public. *Gorgan v. Hayward,* 4 Fed. Rep., 164; *Church v. Portland,* 6 L. R. A., 659; *Price v. Plainfield,* 40 N. J. Law, 608.

It is immaterial whether the public authorities of the city or county had formally accepted the dedication of the court. The plaintiffs had been induced to buy under the map and plat, and the sale was based not merely on the price paid for the lots, but there was the further consideration that the streets and public grounds designated on the map should forever be open to the purchasers and their assigns. Grace Court, as laid off on the plat, was not within the curtelage of the hotel, and therefore to be used in connection with it, but was outside of the lot reserved for the hotel, across a very wide street, and surrounded by lots laid off on the streets adjacent to it. The word "court," when used in connection with such a piece of land, is synonymous in law with the words "park" and "square."

The exception made by the defendant to the refusal of his Honor to submit an issue as to the rights of the plaintiff Hanes is not of any consequence, for if the streets and court are for the benefit of the other plaintiffs and the public, he necessarily must share therein as a consequence.

No error.

DOUGLAS, J., dissents, *arguendo.*