### HANES v. LAND CO.

(Filed December 10, 1901.)

**DEDICATION**—*What Constitutes—Plat.*

> Where a land company sells lots by a plat and in a deed calls for a "hotel site," it is not such a dedication that the "hotel site" may not be used for other than hotel purposes.

ACTION by P. H. and J. W. Hanes against The West End Hotel and Land Company, Thomas Patterson and others, heard by Judge *H. R. Starbuck,* at September Term, 1901, of the Superior Court of FORSYTH County. From a judgment for the plaintiffs, the defendant Patterson appealed.

*Jones & Patterson,* for the plaintiffs.
No counsel for the defendants.

MONTGOMERY, J. The defendant The West End Hotel and Land Company, with the view of opening up a tract of land

as a suburb of the city of Winston, laid it off into lots to be sold for homes and business purposes, with convenient squares, streets and avenues, and at the same time made a map or plat of the property to be used, and which was used, in making sales of the lots. A part of this map or plat represented a lot of six acres, and was designated as the "Hotel Site." While the Hotel Zinzendorf, which was afterwards built on the six-acre lot, was standing and being operated, the defendant Patterson, in 1892, bought one of the lots from the land company, and in the deed from the company to him, reference was made to the map or plat.

The plaintiff, in 1896, after the hotel was burnt, bought from the defendant, the land company, the six-acre lot on which it stood. The plaintiff does not intend to rebuild the hotel, but does intend to use the land for other purposes, and the defendant Patterson, particularly, is claiming a special interest in the lot to the extent, as he insists, that the property can be used for no other purpose than for that of a hotel; and this insistence and claim of the plaintiff, the defendant alleges, is injuring the value of his property and casting a cloud upon his title to the same.

The claim of the defendant Patterson that the "hotel site," because it was laid off on the map and referred to in the deed to himself, was on that account in some way dedicated to the public, incapable of being put to any other use, we think, is not well founded.

The Court decided in *Conrad v. Land Co.,* 126 N. C., 776, that as the purchasers of lots had been induced to buy under the map and plat, the streets and public grounds designated on the map should be forever open to the purchasers and to the public; but it was not intended to go to the length of extending that principle to a lot, marked as the "hotel site." All the streets on such a map are deemed in law to be of advantage to the owners of lots, and parks and squares are both

useful and ornamental, and their use and benefit form such a consideration in the purchase of property laid out on the map as that purchases are made largely upon such inducement. They are for the use of the public as well as for the purchasers. It is not certain, however, that a hotel would necessarily be a benefit to the owners of the lots. If it was a building of correct design and proportions, and well ordered in its management, it might be a benefit to a community; on the other hand, if it was an inferior structure, unsightly in its proportions and badly conducted as an inn, it might be of more than doubtful utility. But, beyond that, the purchasers of lots had no more right to anticipate that the hotel would be built upon the lot of six acres than that the other lots on the plat would be built upon.

The certainty of streets and squares was the inducement to purchasers to buy lots, the sale and utilization of other lots being a matter more of hope and faith than of implied bargain and contract. The lot marked "hotel site," meant no more than if the promoters had said "this would be a good location for a hotel"; it was no guaranty that it would be built. It makes no difference that the plaintiff bought the six-acre lot after the hotel was burnt, because there was no implied or express agreement that either he or the land company would rebuild it in case of its destruction.

We think, therefore, that the judgment of his Honor was a proper one, and the same is

Affirmed.

DOUGLAS, J., concurs in result only.