JOSEPH C. REYNOLDS AND WIFE, JANE C. REYNOLDS v. B. V. HEDRICK GRAVEL & SAND COMPANY.

(Filed 29 January, 1965.)

**1. Mortgages and Deeds of Trust §§ 14, 29—**

The trustee, pursuant to foreclosure, can convey only such title as the instrument authorizes, and the fact that the mortgagee bids in the property and assigns the bid does not enlarge the trustee's authorization, there being no merger of the estates in the mortgagee.

**2. Deeds § 11—**

A deed must be construed to effectuate the intent of the parties as gathered from the entire instrument, and any ambiguity must be resolved in favor of justice and common sense, and no part of the instrument should be rejected unless it is in irreconcilable conflict with the granting, holding, and warranty clauses.

**3. Deeds § 14—**

There is a distinction between an exception and a reservation in a deed, the legal effect of the language and not the nomenclature used by the parties is determinative.

**4. Same; Deeds § 12— Deed held not to convey mineral rights in designated part of tract.**

The granting and holding clauses of this deed for 71 acres were in fee simple form, but following the description was a statement that the grantor reserved the mineral rights under some 18 acres of the tract, particularly described therein, with right of access for mining purposes. The warranty was that the title to the land conveyed was free and clear "except as hereinbefore set out." Thereafter the purchaser by *mesne* conveyances negotiated with the grantor for the conveyance of the mineral rights. *Held:* The grantor's claim to the mineral rights is valid, this being in accord with the intent of the parties as gathered from the entire instrument, corroborated by the interpretation the parties themselves placed upon the instrument.

APPEAL by plaintiffs from *Froneberger, J.,* April, 1964 Civil Session, BUNCOMBE Superior Court.

The plaintiffs instituted this civil action, alleging they are the owners in fee of a specifically described tract of land containing 71 acres; that the defendant claims an adverse interest in a part of the described land; that the claim constitutes a cloud upon plaintiffs' title which the court is requested to adjudge invalid and order removed.

The defendant, by answer, admits it claims an interest in 18.2 acres which is specifically described and which is a part of the 71-acre tract claimed by the plaintiffs. In addition to its claim of ownership, the defendant alleges plaintiffs, by their acts and conduct, are estopped to deny the validity of the defendant's claim.

The parties by stipulation agreed to waive a jury trial and that the Judge should hear and decide the entire controversy.

This dispute involves reservations in a deed executed July 5, 1957, by the defendant B. V. Hedrick Gravel & Sand Company, a corporation, to Claude L. Reed and wife, Nell S. Reed. The reservations apply to 18.2 acres described by metes and bounds which constitute a part of the 71 acres, also specifically described by metes and bounds. The granting and holding clauses in the deed are in fee. However, following the description, the deed contains the following:

> "The party of the first part its successors and assigns hereby reserve the perpetual right, easement and privilege of mining, digging, milling, processing and removing all minerals, ores, clays, earths, sand and gravel in, along, under or upon that portion of said tract of land hereinafter described with the right to erect at such locations as it considers wise and expedient, buildings, or structures, and to install therein and thereon such machinery and equipment as may be reasonably necessary, with the right of ingress and egress proper for the full enjoyment and use of the rights hereby reserved. That portion of the above described tract of land hereby conveyed and to which this express reservation applies is shown on the above referred to plat and is more particularly described as follows:

(Specific description by metes and bounds.)

> "The party of the first part shall have the right to change or relocate the presently existing roadbed shown on said plat and running in a Northerly direction from the North margin of Bee Tree Road to the residence formerly occupied by George Howard if such change or relocation is necessary to the mineral or gravel operations hereby contemplated, with the express agreement on the part of the party of the first part that it will lay out and relocate a road or roadbed at another location over and across said gravel lands in order that the parties of the second part shall always have an adequate right of ingress and egress to and from said residence. \* \* \*

> "It is understood and agreed that all rights, reservations, covenants and restrictions herein contained shall inure to the benefit of and be binding upon the successors and assigns of the party of the first part and the heirs and assigns of the parties of the second part to the same extent as if they were in all cases named."

The warranty clause in the deed contains the following: "(T)hat the same are free and clear of and from all liens and encumbrances, except as hereinabove set out, . . ."

On July 5, 1957, Claude L. Reed and wife executed a deed of trust to Charles G. Lee, Trustee, to secure to Hedrick Sand & Gravel Company $7,282.40, the balance due on the purchase price for the lands conveyed by the deed. The two documents are a part of a single transaction. The deed of trust contains the same descriptions of the two tracts of land and the same reservations and exceptions as those contained in the deed.

In default of payment the trustee sold the lands as required by the trust. The defendant became the last bidder and purchaser. Thereafter, it assigned its bid to Claude L. Reed and wife, Nell S. Reed, and directed the trustee to execute a deed to the assignees. The trustee's deed did not contain the reservations appearing in the deed and in the deed of trust.

On the same day the trustee executed the deed last above referred to, Claude L. Reed and wife executed a deed of trust to George W. Craig, Trustee, to secure a note for $7,282.40 to Margaret N. Smith. Apparently this amount was paid to B. V. Hedrick Gravel & Sand Company in discharge of the amount due on the original purchase price and constituted the consideration for the assignment of its bid at the trustee's sale. The description in this deed of trust refers to the deed of July 5, 1957, which contained the above recited reservations.

The Reeds having defaulted in the payment of the debt to Margaret N. Smith, the trustee sold the lands under the power of sale and executed a deed to the purchaser, Margaret N. Smith. This deed referred to the deed of July 5, 1957, from B. V. Hedrick Gravel & Sand Company to the Reeds. On June 27, 1961, Margaret Smith and husband executed a deed to the plaintiffs. The deed recites the following: "This conveyance is made subject *for* rights of way for roads, utility lines, and of mineral rights of record." All the documents introduced and offered in evidence had been duly admitted to the Buncombe County Registry. In addition to the records, the defendant offered evidence in support of its defense of estoppel as set out in the answer.

The court made findings of fact (which are sustained by the evidence) and thereon concluded and adjudged:

"1. That the mineral interests and restrictions in favor of the defendant in that certain tract of land of 18.2 acres described in that certain deed from the defendant to Claude L. Reed and wife Nell S. Reed, dated July 5, 1957, and recorded in the office of the Register of Deeds for Buncombe County in 788 at page 495, are valid and subsisting.

"2. That these mineral interests and restrictions in favor of the defendant are not adverse to the title of the plaintiffs and do not constitute a cloud upon the plaintiffs' title.

"3. That the plaintiffs are estopped to deny the validity of the mineral interests and restrictions of the defendant in said 18.2 acre tract of land."

The plaintiffs excepted and appealed.

*Wm. M. Styles for plaintiff appellants.*
*Lee, Lee & Cogburn by Max O. Cogburn for defendant appellee.*

HIGGINS, J. The plaintiffs seek in this action to have the Court declare void the reservations in the defendant's deed to Claude L. Reed and Nell S. Reed executed July 5, 1957, upon the ground the reservations are repugnant to the granting, holding, and warranty clauses of the deed. In the alternative, they claim if the reservations are found to be valid, nevertheless, when the defendant became the last and highest bidder at the trustee's sale, the title thus acquired merged with the interest reserved and the assignment authorized the trustee to convey to the Reeds an unencumbered title which passed by *mesne* conveyances to the plaintiffs.

The defendant contends the intention of the parties is clearly expressed both in its deed to the Reeds and in their deed of trust to the trustee; that the reservations apply to a small part (18.2 acres) of the overall tract and describe the property rights intended by the parties to pass by the deed; that they relate to the *quantum* of the estate embraced in the description, are readily reconcilable with the other clauses of the deed, and are not void for repugnancy. In the alternative, it contends, in any event, plaintiffs are estopped to deny the validity of the reservations by their acts and conduct in that they agreed to purchase the reserved rights and to pay $1,000.00 per acre for a deed of release; that they actually had a deed prepared for the defendant's execution but this deed was not executed and delivered due to failure of the parties to agree upon the time for the payment.

In the view we take of this case we may disregard the alternative contentions of both parties. Mr. Lee, as Trustee, could only convey such title to the Reeds as the trust instrument authorized. The defendant merely assigned its bid. This assignment did not enlarge the trustee's authority. It merely directed to whom he should make the deed. *Military Academy v. Dockery,* 244 N.C. 427, 94 S.E. 2d 354; *Brett v. Davenport,* 151 N.C. 56, 65 S.E. 611. If the reservations are

valid, and we hold they are, the defendant's rights are established by the deed and not by estoppel.

The plaintiffs contend the reservations in the defendant's deed to the Reeds are inconsistent with its more formal and controlling clauses and must give way to them because of the irreconcilable conflict. They cite *McNeill v. Blevins*, 222 N.C. 170, 22 S.E. 2d 268; *McCotter v. Barnes*, 247 N.C. 480, 101 S.E. 2d 330; *Realty Co. v. Hobbs*, 261 N.C. 414, 135 S.E. 2d 30. We add these cases: *Ellis v. Barnes*, 231 N.C. 543, 57 S.E. 2d 772; *Jeffries v. Parker*, 236 N.C. 756, 73 S.E. 2d 783; *Oxendine v. Lewis*, 252 N.C. 669, 114 S.E. 2d 706. Generally stated, the rule is that in order for the Court to hold any part of a deed void for repugnancy, the rejected part must be irreconcilably conflicting with the granting, holding, and warranty clauses. As stated by the present Chief Justice in *Ellis v. Barnes, supra*, the rule is: "In the interpretation of the provisions of a deed, the intention of the grantor must be gathered from the whole instrument and every part thereof given effect, unless it contains conflicting provisions which are irreconcilable, or a provision which is contrary to public policy or runs counter to some rule of law." Citing *Willis v. Trust Co.*, 183 N.C. 267, 111 S.E. 163.

To determine the legal effect of the "reservation" in the defendant's deed to Mr. and Mrs. Reed, we may look to the entire instrument to determine whether the "reservation" was intended as a limitation on the estate granted, or a limitation on and a part of the description of the property conveyed, or a limitation upon the use of the property for the benefit of the grantor. True, the word "reservation" is used, but the meaning of the word may be determined by reference to other provisions of the deed. *Hardison v. Lilley*, 238 N.C. 309, 78 S.E. 2d 111. "While there is a distinction between 'exception' and 'reservation' . . . the terms are often used indiscriminately and frequently what purports to be a reservation has the force and effect of an exception when such appears to be the obvious intention of the parties. . . . The modern tendency of the courts has been to brush aside these fine distinctions and look to the character and effect of the provision itself." *Vance v. Pritchard*, 213 N.C. 552, 197 S.E. 182, citing authorities.

The mutual agreements between the defendant and the Reeds as expressed in the deed and in the deed of trust executed July 5, 1957, leave no room for doubt as to the intent and purpose that the defendant, its successors and assigns, should have the perpetual right to mine, process and remove sand, gravel, etc., from 18.2 acres specifically described within the 71-acre boundary. The condition attached by the parties to the exercise and enjoyment of the right reserved, is that 30 days written notice be given. The plaintiffs not only had record notice

but their own deed from the Smiths was made subject to "all mineral rights of record."

The negotiations between the parties for a deed of release show the interpretation the parties placed upon their respective claims to the mining, sand and gravel rights, etc., reserved in the 18.2 acres described in the defendant's deed. "Such construction of the contracts by the parties is one. of the best indications of their intent and meaning . . ." *Trust Co. v. Processing Co.*, 242 N.C. 370, 88 S.E. 2d 233.

We need not now determine whether the reservations in the July 5, 1957, instruments constitute a limitation upon the quantum of the property conveyed as in *Hardison v. Lilley, supra;* a reservation upon the use of land, as in *Barrier v. Randolph*, 260 N.C. 741, 133 S.E. 2d 655; *Realty Co. v. Hobbs*, 261 N.C. 414, 135 S.E. 2d 30; or a valid exception as in *Trust Co. v. Wyatt*, 189 N.C. 107, 126 S.E. 93. The appeal is from a judgment holding the defendant's claim is not invalid and is not a cloud upon the plaintiff's title. The question presented was answered by the trial judge in favor of the defendant by holding the reservations valid.

In upholding the judgment we deem not inappropriate a quotation from *Stephens Co. v. Lisk*, 240 N.C. 289, 82 S.E. 2d 99: "And decisions of this Court uniformly hold that the courts are required to interpret a deed so as to ascertain and effectuate the intention of the parties as gathered from the entire instrument. In *Gudger v. White*, 141 N.C. 507, 54 S.E. 386, the Court, treating the subject of interpreting a deed, in opinion by Walker, J., declared: 'We are required by the settled canon of construction so to interpret it as to ascertain and effectuate the intention of the parties. Their meaning, it is true, must be expressed in the instrument; but it is proper to seek for a rational purpose in the language and provisions of the deed and to construe it consistently with reason and common sense. If there is any doubt entertained as to the real intention, we should reject that interpretation which plainly leads to injustice and adopt that one which conforms more to the presumed meaning, because it does not produce unusual and unjust results. All this is subject, however, to the inflexible rule that the intention must be gathered from the entire instrument "after looking" as the phrase is, "at the four corners of it." ' "

To allow the plaintiffs to take from the defendant the mineral, sand, and gravel rights reserved in its deed would permit naked form to control over material substance. Such a decision would not be very good law and would be rather poor morals.

The judgment of the Superior Court is
Affirmed.