CALABRIA, Judge.
Lemuel Todd Overcash and wife, Bonnie Ann Overcash, (collectively "defendants") appeal entry of judgment granting Tony H. Adams and wife, Sally A. Adams, (collectively "plaintiffs") a perpetual non-exclusive right-of-way to certain property located between defendants' and plaintiffs' respective property and ordering defendants to remove an encroaching fence and garage located thereon. We affirm.
Plaintiffs are the owners of two adjacent lots of .615 acres ("lot 1") and .618 acres ("lot 2") fronting on Faggart Street. Defendants' lot ("lot 3") is located directly across Faggart Streetfrom lot 1. The portion of Faggart Street lying between lots 1 and 3 was unopened; however, the portion lying along lot 2 is open. Both plaintiffs' and defendants' lots were collectively owned by James Lee Griffin ("Griffin"). In conveying lots 1 and 2 to plaintiffs' predecessor in title, Griffin's description set forth the southern boundary of both lots ran "with the northern edge of Faggart Circle" and both were "subject to the encroachment of the right-of-way of Faggart Circle[.]" All of the deeds in plaintiffs' chain of title refer to a plat of the lots, which shows an area designated Faggart Street as a roadway forty feet in width with a right-of-way sixty feet in width. In conveying lot 3 to defendants' predecessor in title, Griffin's description set forth that the northern boundary of the lot ran "with the southern edge of Fagg[a]rt Street." All of the deeds in defendants' chain of title refer to a survey, which shows an area designated Faggart Street as a roadway of unspecified width. Based on these uncontested facts, the trial court found defendants had actual knowledge of "the existence of a street or roadway along the northern boundary of their lot" between lot 3 and lot 1 despite the fact that neither the survey nor the plat referenced had been recorded.
In September of 1999, defendants attempted to procure title to the unopened portion of Faggart Street fronting lot 2 from a child of Griffin; however, Griffin did not leave any real property to his heirs, hence the attempted transfer was ineffectual. Thereafter, in October of 1999, defendants erected a fence along the northernboundary of the unopened portion of Faggart Street, thereby blocking plaintiffs' access to lot 1 from that portion, and started construction of a garage within the right-of-way of Faggart Street. On 15 June 2003, plaintiffs filed suit seeking preliminary and permanent injunctions requiring defendants to remove all obstructions and encroachments within the right-of-way of Faggart Street and enjoining defendants from interfering with plaintiffs' free and unobstructed use of said roadway. The trial court issued a preliminary injunction and, after a hearing on the matter, concluded the sixty-foot-wide unopened portion of Faggart Street had "been impliedly dedicated to Plaintiffs' use" and entered judgment on the matter in favor of plaintiffs. In so doing, the trial court ordered defendants to remove the constructed fence within two weeks and the garage within six months. The trial court further granted plaintiffs a perpetual non-exclusive right-of-way over the unopened portion of Faggart Street as it appeared in the plat referenced in their deed and chain of title. Defendants appeal, asserting the trial court erred in finding an implied dedication. We disagree and affirm.
Our Supreme Court has set out certain principles concerning the establishment of an appurtenant easement by the use of a plat map as follows:
Where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into streets . . . , a purchaser of a lot or lots acquires the right to have the streets . . . kept open for his reasonable use, and this right is not subject to revocation except by agreement. . . . [S]uch streets . . . are dedicated to the useof lot owners in the development. In a strict sense it is not a dedication, for a dedication must be made to the public and not to a part of the public. It is a right in the nature of an easement appurtenant. Whether it be called an easement or a dedication, the right of the lot owners to the use of the streets . . . may not be extinguished, altered or diminished except by agreement or estoppel. This is true because the existence of the right was an inducement to and a part of the consideration for the purchase of the lots. Thus, a street . . . may not be reduced in size or put to any use which conflicts with the purpose for which it was dedicated.
Realty Co. v. Hobbs, 261 N.C. 414, 421, 135 S.E.2d 30, 35-36 (1964) (internal citations omitted).
In the instant case, the uncontested findings of fact by the trial court make clear that Griffin, the developer, owned lots 1, 2, and 3 as well as the disputed right-of-way. The deeds conveying the lots owned by plaintiffs and the lot owned by defendants referenced, respectively, a plat and map that designated the existence of a right-of-way and set forth the boundaries of the land with respect to that right-of-way. The trial court made an uncontested finding of fact that defendants had actual knowledge of the existence of the right-of-way, despite the fact that neither the map nor the plat was recorded. Moreover, the lack of recordation would not affect the outcome under these facts. See Collins v. Land Co., 128 N.C. 563, 566-67, 39 S.E. 21, 22 (1901) (holding that registration of a plat is not essential and observing that the defendant had actual notice of the plat and was, therefore, fixed with notice of the dedication of the streets). We hold the trial court did not err in granting plaintiffs a perpetualnon-exclusive right-of-way over the unopened right-of-way portion of Faggart Street.
Defendants also assert, without citation to authority, plaintiffs have failed to show irreparable damage as a result of the defendants' construction of a fence and garage on the right-of-way. Defendants' failure to support this argument with citation to authority is, standing alone, fatal. N.C. R. App. P. 28(b)(6) (2004). Moreover, "the right of the lot owners to the use of the streets . . . [is] an inducement to and a part of the consideration for the purchase of the lots." Hobbs, 261 N.C. at 421, 135 S.E.2d at 36. While defendants correctly note that plaintiffs still have access to lot 1 via their ownership of lot 2, the value of lot 1 to any prospective buyer would be clearly diminished without independent access to a road. Nonetheless, defendants deny irreparable harm would result from their appropriation, solely to themselves, of the disputed right-of-way created for the mutual benefit of lots 1 and 3, which would, in turn, force plaintiffs to sacrifice additional property from their adjoining lot as an alternative means of access to lot 1. We find defendants' argument unpersuasive.
Affirmed.
Judges STEELMAN and GEER concur.
Report per Rule 30(e).