Daniel, J.
 

 So much of the Act of Assembly of 1800 is to be considered a private Act, which prohibits any person, under the penalty of £25, from retailing spirituous liquors by the small measure in the towns of Wilmington and Newbern, without first having obtained permission, by a certificate from the Commissioners of the said towns, and also, thereafter, a licence from the County Court, because it did not relate to all the citizens of the State. No Judge could be expected
 
 ex officio
 
 to take notice of it. By the sixth section of the public Act, passed in the year 1825, entitled “ An Act to direct the manner in which licences shall be hereafter issued to retailers of spirituous
 
 *155
 
 Eiquors,” it is declared that this Act (of 1825) shall not affect the mode in which licences are now by law directed to he issued, in any of the incorporated towns in this State. We do not think, that this section of the Act of 1325 turned all the then private Acts upon this subject into public acts ; so as to be noticed and acted upon by the Judges,
 
 ex officio.
 
 We therefore think, that the private character of the Act of 1800, on the subject now before us, was not affected by the public Act of 1825. And in the year 1836, the Legislature declared, that no Act of a private or local nature, shall be considered repealed by
 
 ch.
 
 1, s. 8 of
 
 the Rev. Statutes.
 
 Therefore, the private Act of 1800 is unrepealed, and now in force, so far as relates to the question before us. The judgment of the Superior Court must be affirmed.
 

 Per Curiam. Judgment affirmed.