COMMERCIAL FINANCE CORPORATION v. JESSIE W. LANGSTON, ANTHONY KEITH LANGSTON, AND AARON WILLARD LANGSTON

No. 7413SC27

(Filed 5 March 1975)

1. Dedication § 1— sale of subdivision lot by reference to plat — right of buyer to have streets on plat open

When an owner of land has it subdivided and platted into streets and lots and thereafter sells a lot by reference to the plat, nothing else appearing, the purchaser acquires the right to have the streets shown on the plat kept open for his reasonable use.

2. Dedication § 1— sale of lots by reference to plat — easements created in streets on plat

Where separate owners of separate but contiguous tracts, by placing on record a plat showing the subdivision of both tracts into lots served by streets running across both tracts, and by each owner thereafter selling lots by reference to the recorded plat, effectively represented to purchasers of lots from either tract that the streets as shown on the entire plat would be available and would remain open for reasonable use, each of the separate owners in effect thereby created a joint and reciprocal easement which was both a burden and a benefit to his separate tract, and a purchaser of a lot or lots from either owner by such purchase acquired the benefit of the appurtenant easement over all of the streets shown on the plat and not merely over those portions of the streets which were located on the tract owned separately by his immediate grantor.

3. Appeal and Error § 26— exception to signing of judgment — no review of finding of fact

Appellant's sole exception which was directed to the signing of the judgment did not present for review the trial court's finding of fact with respect to the subdivision of the land in question.

4. Easements § 8— easement of way for use of pedestrians and vehicles — nonexclusive easement

Where plaintiff's predecessor in title was granted "an easement of way for the use of pedestrians and vehicles" in the 24 foot wide strip of land in controversy, and the grantors expressly reserved unto themselves and their heirs and assigns generally "a like easement in thereto the same," there was nothing in the grant of the nonexclusive easement which prevented the grantors from thereafter granting similar easements to others.

APPEAL by plaintiff from *Clark, Judge.* Judgment entered 8 June 1973. Heard in the Court of Appeals 13 February 1974.

Action for a declaratory judgment to determine the rights of the parties in a strip of land 24-feet wide by approximately

95-feet long which is a portion of the area shown on a recorded plat as a "street."

After pleadings were filed the plaintiff moved for summary judgment. The parties stipulated that there were no issues of fact to be determined and that the matters raised by the pleadings constituted questions of law. They further stipulated that if plaintiff's motion for summary judgment should be denied, the court should then find the facts, determine the questions of law presented by the pleadings, and render judgment thereon.

The pleadings and exhibits filed show the following: In 1948 Edna Smathers Cox (later Mrs. Edna Smathers Drye), plaintiff's predecessor in title, owned a tract of land on the southeastern shore of White Lake in Bladen County known as lots 1 and 2 of the Harry L. Melvin subdivision. W. R. Watkins and wife owned the adjoining property known as lots 3 and 4 of the Melvin subdivision. The common line between the Cox and the Watkins properties, being the common line between lots 2 and 3 of the Melvin subdivision, was a straight line approximately 574-feet long which extended in a northwesterly direction from the northwest margin of the public highway which circles White Lake to the water's edge on the southeastern shore of the lake. By instrument dated 24 May 1948 and recorded on 16 June 1948, Edna Smathers Cox and W. R. Watkins and wife created a "joint street" from the highway to the lake having a width of 24 feet and having as its center line the common property line dividing the properties of the parties. No question is raised in this action as to this joint boundary line street which connects the public road with the shoreline of the lake.

In the same day on which the instrument creating the joint boundary line street was recorded, 16 June 1948, there was also recorded a plat which showed the Cox and the Watkins properties and the joint boundary line street established by the agreement. This plat, which appears of record in Plat Book 4 at page 114, shows the Cox property still simply as lots 1 and 2 of the Harry L. Melvin subdivision, but shows the Watkins property, which was formerly lots 3 and 4 of the Melvin subdivision, subdivided into nine smaller lots. This plat also shows an additional 24-foot-wide street running across the Watkins property in a northeast-southwest direction on a course approximately parallel with and 150 feet from the shoreline of the lake. This additional street intersects at an approximate right angle into

the southwestern margin of the joint boundary line street created by the recorded agreement.

On 23 May 1951 a second plat was recorded. This plat, which appears of record in Plat Book 4 at page 169, shows the streets and subdivision of the Watkins property as in the previous plat, but shows the Cox (now Drye) property subdivided into smaller lots in substantially the same manner as the Watkins property had been previously subdivided. This plat also shows the additional cross street, which is marked "street" on this as well as on the previous plat, extended straight across and at an approximate right angle to the joint boundary line street. It is the land covered by this additional street as so extended across the Cox property, a tract 24-feet wide by approximately 95-feet long, which is the subject of this action.

After the recording of the first plat, which appears of record in Plat Book 4 at page 114, but before the recording of the second plat, which appears of record in Plat Book 4 at page 169, Edna Smathers (Cox) Drye and her husband conveyed to one C. C. Disher, one of plaintiff's predecessors in title, the waterfront portion of lots 1 and 2 of the Harry L. Melvin subdivision extending back from the lake shore a distance of 150 feet. The property conveyed by this deed, which was dated 19 May 1949 and recorded in Book 120 at page 561, is described therein by metes and bounds and the southeastern line of the property conveyed is identical with the northwestern boundary line of the additional cross street which was subsequently shown on the plat in Book 4, page 169, as extended across the Cox property. After the description of the waterfront property conveyed by this deed, there appears the following:

"And the said parties of the first part do hereby convey unto the said parties [sic] of the second part, his heirs and assigns, an easement of way for the use of pedestrians and vehicles over and upon a parcel of land [there then follows a description by metes and bounds of a tract 24-feet wide which is coterminous with the area subsequently shown as a "street" on the plat in Book 4, page 169, as this "street" is extended across the Cox property, the same being the property which is the subject matter of this litigation], and the said parties of the first part, their heirs and assigns, reserving a like easement in thereto the same [sic]."

Both W. R. Watkins and Edna Cox Drye "made numerous conveyances of lots contained in said subdivision and their conveyances were made by lot numbers with reference to the subdivision of the G. T. Watkins and Edna Cox Drye property as recorded in Map Book 4, at page 114, and Map Book 4, at page 169." The defendant, J. W. Langston, is the owner of six of the nine lots which resulted from the subdivision of the Watkins property, and operates a motel business on this property. The remaining defendants are his sons and own and operate a motel business on property adjoining but not included within the boundaries of the property shown on the recorded plats above-referred to, their property abutting the northeastern end of the 24-foot-wide cross "street" shown on the plat in Plat Book 4, page 169, the status of which is here in controversy. All of the defendants and their guests have been using the cross "street" in going to and from the motel and business operated by J. W. Langston and the motel and business operated by his sons.

Prior to instituting this action, plaintiff acquired from Edna Smathers Drye and her husband, and from the other owners of all of the lots which resulted from the subdivision of the Edna Smathers Cox Drye property, quitclaim deeds conveying to plaintiff all such right, title and interest as these grantors had in the 24-foot-wide tract here in controversy.

After hearing the parties, the court entered judgment denying plaintiff's motion for summary judgment and, pursuant to the stipulation of the parties, making findings of fact. On the basis of the facts found the court made conclusions of law as follows:

"(1)  That W. R. Watkins and Edna Cox Drye by placing the Maps of recorded [sic] which are recorded in Map Book 4 at pages 114 and 169, jointly and mutually dedicated all the streets, including the street described as an easement in the deed from Edna Cox Drye, et vir to Disher, to all the lot owners of lots shown on the plats recorded in Map Book 4 at pages 114 and 169 and their successors in title.

"(2)  That the easement described in the deed from Edna Cox Drye et vir to C. C. Disher which is recorded in Book 120, at page 561 did not convey an exclusive easement to C. C. Disher so as to prevent a joint and mutual dedication by Edna Cox Drye and W. R. Watkins.

"(3) That the purported deeds referred to as Exhibits 6, 7, 8, 9, and 10 in the complaint [being the quitclaim deeds to plaintiff from Edna Smathers Drye and the other owners of all of the lots which resulted from subdivision of the Edna Smathers Cox Drye property] are null and void to the extent that they purport to destroy or nullify the easement created in all owners of lots within the subdivision shown on the plats recorded in Map Book 4, at pages 114 and 169 which was created by the dedication."

The court accordingly adjudged that "the streets shown on the plats recorded in Map Book 4 at pages 114 and 169, Bladen County Registry are dedicated streets, including the street in controversy, and all the lots [sic] owners of the lots within the subdivision shown on the plats recorded in Map Book 4, at pages 114 and 169 are entitled to an easement by dedication for the free and unobstructed use of said streets, including the street in controversy."

From this judgment, plaintiff appealed.

*Moore & Melvin by James R. Melvin for plaintiff appellant.*

*Frank T. Grady and John T. McDougald for defendant appellees.*

PARKER, Judge.

Separate owners of adjoining tracts record a plat showing subdivision of both tracts into lots served by streets crossing both tracts. Each owner then sells lots from his tract to third parties, in so doing making reference to the recorded plat. Do purchasers of lots from one tract thereby acquire the right to have the streets across the other tract remain open? We hold that they do.

[1] It is well settled in this State that when an owner of land has it subdivided and platted into streets and lots and thereafter sells a lot by reference to the plat, nothing else appearing the purchaser acquires the right to have the streets shown on the plat kept open for his reasonable use. *Realty Co. v. Hobbs*, 261 N.C. 414, 135 S.E. 2d 30 (1964); *Insurance Co. v. Carolina Beach*, 216 N.C. 778, 7 S.E. 2d 13 (1940); *Collins v. Land Co.*, 128 N.C. 563, 39 S.E. 21 (1901); Annot., 7 A.L.R. 2d 607.

"In a strict sense it is not a dedication, for a dedication must be made to the public and not to part of the public.

It is a right in the nature of an easement appurtenant. Whether it be called an easement or a dedication, the right of the lot owners to the use of the streets, parks and playgrounds may not be extinguished or diminished except by agreement or estoppel. This is true because the existence of the right was an inducement to and a part of the consideration for the purchase of the lots." *Land Corp. v. Styron,* 7 N.C. App. 25, 27-28, 171 S.E. 2d 215, 217 (1969).

[2]  Here, the separate owners of the separate but contiguous tracts, Watkins and Cox (later Drye), by placing on record the plat recorded in Plat Book 4, page 169, showing the subdivision of both tracts into lots served by streets running across both tracts, and by each owner thereafter selling lots by reference to the recorded plat, effectively represented to purchasers of lots from either tract that the streets as shown on the entire plat would be available and would remain open for reasonable use. In effect, each of the separate owners thereby created a joint and reciprocal easement which was both a burden and a benefit to his separate tract, and a purchaser of a lot or lots from either owner by such purchase acquired the benefit of the appurtenant easement over all of the streets shown on the plat and not merely over those portions of the streets which were located on the tract owned separately by his immediate grantor.

[3]  In its brief on this appeal plaintiff appellant contends that the court erred in making Finding of Fact No. 3 which states that "Edna Cox Drye subdivided Lots one (1) and two (2) of the Harry L. Melvin Subdivision and placed of record a plat of said subdivision as recorded in Map Book 4, at page 169, Bladen County Registry." In support of this contention, appellant argues in its brief that "[t]he defendant [sic] introduced no evidence whatsoever to prove that Edna Cox Drye ever recorded, authorized, or caused to be recorded" the map in question. Appellant's contention must fail, first, because there is but one exception in the entire record, and that is directed to the signing of the judgment, and "[a]n exception to the judgment does not present for review the findings of fact or the evidence on which they are based," 1 Strong, N. C. Index 2d, Appeal and Error, § 28, p. 157, and, second, because it was unnecessary in this case for defendants to introduce any evidence to prove the finding of fact which plaintiff now attempts to challenge. That finding is fully supported by the pleadings. In paragraph 3 of defendants' further answer it was expressly

alleged that Edna Smathers Cox Drye subdivided her property "and placed of record in Map Book 4, at page 169, a map of said property." This allegation was admitted in plaintiff's reply.

[4]   Finally, plaintiff contends that because its predecessor in title acquired title to its waterfront lot and an appurtenant easement over the 24-foot-wide strip of land here in controversy prior to the time the plat showing the street over that strip of land was recorded, Edna Smathers Cox Drye had no right to grant rights in the street to anyone excepting only to purchasers of lots subdivided from her separate property. We find this contention without merit. All that was granted to plaintiff's predecessor in title in the 24-foot-wide strip of land here in controversy was "an easement of way for the use of pedestrians and vehicles." In the deed by which this grant was made the grantors expressly reserved unto themselves and their heirs and assigns generally "a like easement in thereto the same," and nothing in this reservation indicates that it was to be solely for the benefit of the grantors' then remaining land. Since the grantors at that time also retained the fee title to the 24-foot-wide strip, the only significance which can logically attach to their expressed reservation of "a like easement in thereto the same" must be to make clear that the grant of the "easement of way for the use of pedestrians and vehicles" did not exclude the possibility of similar use of the property by others. We see nothing in the grant of the nonexclusive "easement of way for the use of pedestrians and vehicles" which prevented the grantors from thereafter granting similar easements to others, including even unto the public generally had they chosen to do so.

The judgment appealed from is

Affirmed.

Judges BRITT and VAUGHN concur.