JOHN A. WHICHARD AND WIFE, CHRISTINE A. WHICHARD; JACK L. WALLACE AND WIFE, JUNE B. WALLACE; RAY T. TUTEN AND WIFE, REBECCA A. TUTEN; LEON H. WINGATE AND WIFE, ALICE A. WINGATE; MAXEY T. BUNCH AND WIFE, NANCY B. BUNCH; EDWARD J. MULLEN AND WIFE, JACQUELINE B. MULLEN; RODNEY T. BOWEN AND WIFE, JEAN E. BOWEN; CONNELL E. PURVIS AND WIFE, JUANITA E. PURVIS; ALTON N. WOOLARD AND WIFE, DARLENE O. WOOLARD; AND CLARENCE M. CARTWRIGHT AND WIFE, BARBARA CARTWRIGHT v. RONALD G. OLIVER AND WIFE, BETTY ORMOND OLIVER

No. 812SC567

(Filed 2 March 1982)

1. **Rules of Civil Procedure §§ 20, 23 — proper joinder of parties — all plaintiffs not testifying**

Under G.S. 1A-1, Rule 20(a), permissive joinder, plaintiffs, landowners in a beach development, were entitled to sue collectively defendant landowners without being certified as a class for the purposes of a G.S. 1A-1, Rule 23 class action. Their claims arose out of the same occurrences, and the testimony of some of the plaintiffs, plus the interrogatories and requests for admissions pro-

vided sufficient evidence as to all the plaintiffs' claims to withstand defendants' motion to dismiss.

**2. Dedication § 1— implied easement by dedication—sufficiency of evidence**

Plaintiff landowners' evidence was sufficient to prove the existence of an implied easement by dedication on the land to which defendants asserted title where the evidence showed that defendants acquired a quitclaim deed to the disputed land for $100 in 1976; and that defendants' and plaintiffs' deeds specifically refer to one of two recorded maps which designate defendants' property as a park area.

APPEAL by defendants from *Brown, Judge.* Judgment entered 28 December 1980 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 2 February 1982.

All of the parties to this case own lots in Bayview, a beach development in Beaufort County. In 1976, defendants obtained a quitclaim deed to the riverfront lots in dispute and asserted ownership by placing a cable across the property entrance and displaying a "No Trespassing" sign. Plaintiffs assert that the lots in dispute were originally dedicated to the use of all the property owners in the subdivision as a park and water access area, that defendants knew of the easement, and that by being prevented from using the property, plaintiffs have suffered damages. The trial court affirmed the status of the property as having an implied easement by dedication and awarded plaintiffs nominal damages. Defendants appeal. Additional facts will be discussed in the body of the opinion as they relate to the issues raised.

*McMullan & Knott, by Lee E. Knott, Jr., for plaintiff-appellees.*

*Graves & Nifong, by Norman L. Nifong, for defendant-appellants.*

WELLS, Judge.

[1] Defendants first contend that the trial court erred in denying their motion to dismiss the claims of those plaintiffs who did not testify. Defendants argue that since plaintiffs did not bring this action as a Rule 23 class action, there was insufficient evidence to support the claims of the non-testifying plaintiffs.

Plaintiffs were entitled to sue collectively, without being certified as a class for the purposes of a G.S. 1A-1, Rule 23 class ac-

tion, under the provisions of G.S. 1A-1, Rule 20(a) Permissive Joinder. —

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all parties will arise in the action. . . . Judgment may be given for one or more of the plaintiffs according to their respective rights to relief. . . .

Plaintiffs asserted their rights severally, as individual lot owners, each with the privilege of using land dedicated to owners within Bayview. Their claims arose out of the same occurrences, i.e. defendants' attempted purchase of an interest in and their cordoning-off of the lots, and raised the same factual and legal issue: the existence of a valid easement by dedication versus defendants' right to sole possession and use of the property. The recorded deeds and plats introduced by the testifying plaintiffs are competent, substantive evidence of the ownership and intended use of the disputed land, which support all plaintiffs' claims. See G.S. 8-6; G.S. 8-18; 1 Stansbury's N.C. Evidence § 77 (Brandis Rev. 1973); Webster, Real Estate Law in North Carolina, § 284(b). Similarly, the testimony of plaintiffs Jack Wallace and John Whichard and adverse witness Betty Oliver, plus the interrogatories and requests for admissions, provided sufficient evidence as to all the plaintiffs' claims to withstand defendants' motion to dismiss. This assignment is overruled.

[2] Defendants' next two exceptions relate to the sufficiency of plaintiffs' evidence in proving the existence of an implied easement by dedication on the land to which defendants assert title. The stipulated evidence shows that this development bordering on the Pamlico River was established between 1922 and 1925 under the name of "Bayside". In 1925, the land was conveyed to The Bayview Company, and its name was changed to "Bayview". In 1926, a map entitled "Bayview on the Pamlico" was recorded, from which lots were conveyed by reference. This plat describes a park-like area along the riverfront, with captions designating a bandstand, pavilion, garden, and hotel. The "park" area on the 1926 map includes the disputed lots. The Bayview Company was placed in receivership in 1932, and then sold to Bayview Incor-

porated. In approximately 1940, Bayview, Inc. recorded a similar map of the development and sold lots with reference to it. This second map contains markings for a "beech" (sic) at approximately the same location as the "park" on the first map. For a 1976 quitclaim deed to the lot, which includes approximately 50 feet of waterfront on the Pamlico River, defendants paid $100. Defendants' deed contains a specific reference to the 1940 recorded Bayview, Inc. map. Each of plaintiffs' deeds specifically refers to one of the two recorded maps.

Defendants contend that certain facts tend to negate the property's dedication. Private cottages have been built on areas designated on the plat for the hotel and garden. A boat ramp was built on the disputed lots some years ago, and small fees have been charged for its use. A neighbor's commercial fishing equipment has been stored on the lot from time to time. Defendants assert that when they bought these lots, the boat ramp was in a dangerous state of disrepair, the land was full of litter and was being used as a haven for drunkards rather than a park.

The trial court made the following pertinent findings of fact and conclusions of law.

28. This property is depicted as a park area containing paths and plantings on the map of the Subdivision of Bayview of record in Map Book 1 at page 150 of the Beaufort County Registry.

29. This property is shown and denominated as beach on the map of the Subdivision of Bayview of record in Map Book 2 at page 81 of the Beaufort County Registry.

30. The aforesaid maps represent a division of a tract of land into streets, lots, parks and beaches.

31. The lots owned by the plaintiffs were sold and conveyed by reference to the aforesaid maps.

32. At the time the plaintiffs purchased their lots it was represented to them that the waterfront area shown on the aforesaid maps of the subdivision of Bayview was reserved for the exclusive use of the owners of lots in the subdivision.

. . .

Whichard v. Oliver

35. The actions of the defendants in placing a cable across a part of the waterfront area shown on the aforesaid maps of the Subdivision of Bayview and erecting "No Trespassing" signs thereon as aforesaid, prevented the plaintiffs from using this area.

.   .   .

1. When lots are sold and conveyed by reference to a map or plat which represents a division of the tract of land into streets, lots, parks and beaches, a purchaser of a lot or lots acquires the right to have the streets, parks and beaches kept open for his reasonable use.

2. The plaintiffs are entitled to have the waterfront area shown on the maps of the Subdivision of Bayview of record in Book 1 page 150, and in Book 2 at page 81 of the Beaufort County Registry kept open for their reasonable use.

If supported by competent evidence, the trial court's findings of fact are conclusive on appeal, even though there may be evidence to the contrary. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). There was sufficient evidence to support the court's findings, and the trial court's findings support its conclusions of law. As our Supreme Court stated in *Realty Co. v. Hobbs*, 261 N.C. 414, 135 S.E. 2d 30 (1964):

Where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into streets, lots, parks and playgrounds, a purchaser of a lot or lots acquires the right to have the streets, parks and playgrounds kept open for his reasonable use, and this right is not subject to revocation except by agreement. (Citations omitted.) It is said that such streets, parks and playgrounds are *dedicated* to the use of lot owners in the development. In a strict sense it is not a dedication, for a dedication must be made to the public and not to a part of the public. (Citation omitted.) It is a right in the nature of an easement appurtenant. Whether it be called an easement or a dedication, the right of the lot owners to the use of the streets, parks and playgrounds may not be extinguished, altered or diminished except by agreement or estoppel. (Citations omitted.) This is true because the existence of the right was an inducement to

and a part of the consideration for the purchase of the lots. (Citations omitted.) Thus, a street, park or playground may not be reduced in size or put to any use which conflicts with the purpose for which it was dedicated. (Citations omitted.)

*See Finance Corp. v. Langston,* 24 N.C. App. 706, 212 S.E. 2d 176 (1975), *cert. denied,* 287 N.C. 258, 214 S.E. 2d 429 (1975); Webster, supra, § 284(b). *See also Emanuelson v. Gibbs,* 49 N.C. App. 417, 271 S.E. 2d 557 (1980). We overrule this assignment of error.

Defendants' final contention is that the trial court erred in failing to find as a fact that their property had been adversely possessed under color of title for over seven years, thus destroying the dedication. Adverse possession was not pleaded as a defense nor was the issue raised at trial, and therefore defendants cannot assert this defense on appeal. *Men's Wear v. Harris,* 28 N.C. 153, 220 S.E. 2d 390 (1975), *disc. rev. denied,* 289 N.C. 298, 222 S.E. 2d 703 (1976); G.S. 1A-1, Rule 8(c). This assignment is overruled.

Affirmed.

Judges MARTIN (R. M.) and WEBB concur.