MYRTLE K. JOHNSON v. SKYLINE TELEPHONE MEMBERSHIP CORPORA-
TION; W. B. TRIBBLE; WILMA BLEVINS; H. B. QUESENBERRY AND WIFE,
MRS. H. B. QUESENBERRY; HARRY W. TRIBBLE; CHARLES DELANO
OSBORNE AND WIFE, BRENDA OSBORNE; LESTER PARKER, JR. AND WIFE,
MILDRED K. PARKER; DAVID M. BAIRD AND WIFE, JUANITA M. BAIRD;
LOIS P. DENT; DAVID J. LITTLE AND WIFE, JEANETTE T. LITTLE;
GEORGE A. REEVES AND WIFE, GERTRUDE A. REEVES; T. G. REEVES;
ZELLA LORRAINE MILLER; NORMAN BROWN AND WIFE, ZOLA F.
BROWN; JAMES MILLER AND WIFE, DOROTHY L. MILLER; FRED RASH;
LAVERN E. WATON; RICHARD K. ASHLEY AND WIFE, PHYLLIS R.
ASHLEY; AND R. W. BLEVINS AND WIFE, OPAL BLEVINS

No. 8723DC876

(Filed 1 March 1988)

Dedication § 5— subdivision streets shown on plat—easements by lot purchasers—
conveyance of easement to adjoining landowner

Where an owner subdivided his land and recorded a plat showing the ex-
istence of streets within the subdivision, the purchasers of lots within the sub-
division were impliedly granted easements to use these streets. However, the
owner still retained an interest in the streets, and where no governmental
body had accepted the streets as dedicated property, the heirs of the now
deceased owner could properly grant to an adjoining landowner an express
easement to use the subdivision streets so long as such use of the streets does
not interfere with the original easements of the subdivision lot owners.

APPEAL by defendants from *Gregory, Judge.* Judgment en-
tered 1 June 1987 in District Court, ASHE County. Heard in the
Court of Appeals 4 February 1988.

This is a declaratory judgment action. The parties stipulated
to the following facts. In 1961, A. B. McNeill established a
residential development known as the A. B. McNeill Subdivision
(subdivision) and recorded a plat of the development designating
certain strips of land as means of access. Plaintiff is the fee owner
of an 11.8 acre tract of land which borders the northern edge of
the subdivision. Defendants are all of the fee owners of the sub-
division's lots. The heirs of A. B. NcNeill have never conveyed fee
title to the subdivision's streets and all of them have executed
duly recorded deeds conveying to plaintiff:

An easement or right of way across and through all roads (in-
cluding specifically Long Street) within the Andrew McNeill
Subdivision as described in Plat Book 2 at page 63 of the
Ashe County Registry. The purpose of this easement is to

provide ingress and egress for Myrtle Johnson, her heirs and assigns from Highway 194 through the referenced subdivision to and for an 11.8 acre tract of land owned by Myrtle Johnson. This 11.8 acres is more particularly described in a deed recorded in Deed Book 119 at page 756 of the Ashe County Registry. The description contained therein is incorporated herein by reference.

In addition, although there is no stipulation stating that the streets have not been "dedicated" to public use, the parties in their briefs here agree that no governmental body has accepted the streets as dedicated property and there is nothing in the record to show the contrary.

Plaintiff filed this action on 18 November 1985, seeking a declaration that she, her heirs, and assigns have the right to use the subdivision's streets as a means of ingress and egress to her property. Based on the stipulated facts and the assumption that the streets have never been accepted by any governmental body as dedicated property, the trial court concluded that plaintiff had an express easement over all of the subdivision's streets. Defendants appeal.

*McElwee, McElwee, Cannon & Warden, by William H. McElwee, III, for the plaintiff-appellee.*

*John T. Kilby, for the defendant-appellants.*

EAGLES, Judge.

The sole issue here on appeal is whether the heirs of A. B. McNeill had the power to grant an express easement over the subdivision's streets to plaintiff. Defendants argue that, by subdividing the property, recording the subdivision plat, and selling all of the lots in the subdivision, A. B. McNeill relinquished all of his interest in the streets, dedicating them to the purchasers. Further, defendants contend that, since A. B. McNeill retained no interest in the streets, his heirs had no interest to convey to plaintiff. We disagree.

It is well established that an owner who subdivides his property and records a plat showing the existence of streets and roads within the subdivision impliedly grants to purchasers of lots in the subdivision the right to use these streets and roads.

*Whichard v. Oliver*, 56 N.C. App. 219, 287 S.E. 2d 461 (1982). Our case law often refers to a lot purchaser's right to use the streets as having been "dedicated" to him by the owner. *See Insurance Co. v. Carolina Beach*, 216 N.C. 778, 7 S.E. 2d 13 (1940); *Bryan v. Sanford*, 244 N.C. 30, 92 S.E. 2d 420 (1956). Since a "dedication" is made to the public, not just a part of the public, the right is more properly called an easement. *Realty Co. v. Hobbs*, 261 N.C. 414, 135 S.E. 2d 30 (1964); *see also Finance Corp. v. Langston*, 24 N.C. App. 706, 212 S.E. 2d 176, *cert. denied*, 287 N.C. 258, 214 S.E. 2d 429 (1975); 3 Powell on Real Property, section 409 (1987). Regardless of how it is denominated, the right of lot purchasers to use these streets may not be extinguished, altered, or diminished except by agreement or estoppel. *Realty Co. v. Hobbs, supra.*

It does not follow from defendants' right, as purchasers of the lots in the subdivision, to use the streets shown on the recorded plat, that their easement is exclusive or that A. B. McNeill was divested of all interest in the streets. The grantor of an easement retains fee title to the soil, subject to the burdens which the easement imposes. *Hine v. Blumenthal*, 239 N.C. 537, 80 S.E. 2d 458 (1954). Consequently, the fee holder may use the land or convey additional easements over it so long as the use or conveyance does not interfere with the original easement. *See Light Co. v. Bowman*, 229 N.C. 682, 51 S.E. 2d 191 (1949). *See also* 25 Am. Jur. 2d, "Easements and License," section 89 (1966); 26 C.J.S., "Dedication," section 53 (1956). The record here does not establish that defendants own fee title to the streets in the subdivision or that their right to use them is exclusive. Accordingly, the conveyance of an additional easement to plaintiff is valid; plaintiff has an express easement over the subdivision's streets.

Defendants argue that their right to use the streets will be diminished due to greatly increased traffic and the possibility that plaintiff or her heirs will use them in a manner which is repugnant to their rights. By virtue of defendants' easement, plaintiff acquired the use of the streets only to the extent that the use does not diminish defendants' rights. No facts were presented to the trial court showing the nature of plaintiff's use. The trial court properly concluded that the mere use of the streets by plaintiff as a means of ingress and egress to her 11.8 acre tract of land did not diminish or interfere with defendants' rights. The

question of what use or uses may diminish those rights is not before us.

Affirmed.

Judges WELLS and GREENE concur.