ALLEN DAVID RUDISILL AND WIFE, MAXINE M. RUDISILL, PLAINTIFFS v. HAROLD J. ICENHOUR AND WIFE, SHELBY ICENHOUR, AND DAVID JAMES ICENHOUR, DEFENDANTS

No. 8825SC216

(Filed 7 February 1989)

**Highways and Cartways § 6— unopened subdivision street—no right to enjoin use**

The trial court erred by entering summary judgment for plaintiffs and by denying defendants' motion to dismiss in an action for an injunction preventing defendants from using an unopened subdivision street where defendants owned a tract of land on the south side of a subdivision; a 60 foot strip of land known as Ethel Street ran down the eastern boundary of the subdivision to defendants' tract; Ethel Street had never been opened, used as a public way, or accepted by any governmental body or public agency; plaintiffs owned property on either side of Ethel Street, including two lots in the subdivision, and have used that strip as part of their front yard; defendants notified plaintiffs that they were going to open and use Ethel Street in going to and from their tract outside the development; and the heirs of the developer conveyed to defendants an easement in Ethel Street. Plaintiffs, as purchasers of lots in the subdivision, acquired no interest in the subdivision streets other than the right to use them as streets; plaintiffs are not the owners of the unused, unopened part of Ethel Street by adverse possession under color of title because plaintiffs' deeds do not describe or purport to convey the street; the fee is still owned by the heirs of the developer, who have the right to convey additional

easements; defendants, having received an easement in Ethel Street, are entitled to use the street; and plaintiffs' only legal right in the street is to use it as a street.

APPEAL by defendants from *Sitton, Judge*. Order entered 20 October 1987 in Superior Court, BURKE County. Heard in the Court of Appeals 31 August 1988.

*Rudisill & Brackett, by J. Richardson Rudisill, Jr. and Curtis R. Sharpe, Jr., for plaintiff appellees.*

*Mitchell, Blackwell, Mitchell & Smith, by Marcus W. H. Mitchell, Jr., for defendant appellants.*

PHILLIPS, Judge.

Defendants' appeal is from an order of summary judgment permanently enjoining them from using an unopened subdivision street that borders plaintiffs' property and denying their motion to dismiss plaintiffs' action. The only conflict in the pleadings, affidavits, deeds, maps and other materials of record—that the materials, both parties, and the court sometimes refer to the principal defendant as *Harold* J. Icenhour and other times as *Howard* J. Icenhour—is immaterial to the case and should be resolved by the parties on their own. In other pertinent part the materials indicate the following without contradiction:

The platted and recorded Burke County subdivision known as "Wilson Heights," a development restricted to "residential purposes only," was established in June 1968 by the estate of Finley Wilson, whose will directed that his real estate be sold to pay his debts and the net proceeds distributed to his three children. The eastern boundary of the subdivision, approximately 900 feet long, is a 60 foot wide strip of land known as "Ethel Street"; it extends from State Road 1621 on the north to the boundary of defendants' 2.77 acre tract outside the development on the south. The subject of this case is the southernmost 300 feet of Ethel Street. This strip of land is bordered on both sides by lands belonging to the plaintiffs—on the west by subdivision Lots 45 through 56, on the east by a 2.3 acre tract outside the development—and has never been opened or used as a public way or accepted by any governmental body or agency. The 2.3 acre tract, where plaintiffs' dwelling house is situated, was acquired in 1976. The subdivision lots

were acquired in September 1982 and since then plaintiffs have used the 300 foot strip of Ethel Street as part of their front yard. On 8 August 1986, after some earlier discussions between the parties, defendants notified plaintiffs that they were going to open and use the 300 foot portion of Ethel Street in going to and from their 2.77 acre tract outside the development. Plaintiffs sued to enjoin them from doing so, alleging that they were also entitled to compensatory and punitive damages because of defendants' trespass. A few days thereafter the heirs of Finley Wilson conveyed to defendants an easement in Ethel Street.

The foregoing facts give rise to the following conclusions of law: (1) As purchasers of lots in the platted and recorded subdivision involved, plaintiffs acquired no interest in the subdivision streets other than the right to use them in getting to and going from their lots. *Russell v. Coggin*, 232 N.C. 674, 62 S.E. 2d 70 (1950). (2) As such lot owners plaintiffs are entitled to have the subdivision streets, including Ethel Street, kept open for their reasonable use *as streets*, but have no right to close or use any of them for other purposes. *Cleveland Realty Co. v. Hobbs*, 261 N.C. 414, 135 S.E. 2d 30 (1964). (3) Though by recording its plat the estate of Finley Wilson offered to dedicate Ethel Street to the public use, the 300 feet in controversy have not been dedicated since they have not been accepted by the responsible public authority. *Wofford v. North Carolina State Highway Commission*, 263 N.C. 677, 140 S.E. 2d 376, *cert. denied*, 382 U.S. 822, 15 L.Ed. 2d 67, 86 S.Ct. 50 (1965). (4) The offer to dedicate the 300 feet of street involved has not been abandoned under the provisions of G.S. 136-96, as plaintiffs argue, for before an abandonment can occur under that statute the dedicator or someone claiming under him, unless the developer was a corporation that has ceased to exist, must file and cause to be recorded "a declaration withdrawing such strip . . . or parcel of land," and the record does not show that that has happened. (5) Plaintiffs are not the owners of the unopened, unused part of Ethel Street by adverse possession under color of title, as they argue but did not allege, because a deed is color of title for only the land described in it, *McDaris v. Breit Bar "T" Corp.*, 265 N.C. 298, 144 S.E. 2d 59 (1965), and plaintiffs' deeds describe only land that is bounded by the street, they do not describe or purport to convey the street. (6) Since Ethel Street has not been dedicated to the public and only an easement

in it was conveyed to the lot purchasers, the fee is still owned by the heirs of Finley Wilson, who have the right to use the street and to convey additional easements over it so long as such conveyances or use do not interfere with the easement of plaintiffs and the other lot owners. *Johnson v. Skyline Telephone Membership Corp.*, 89 N.C. App. 132, 365 S.E. 2d 164 (1988). (7) The heirs of Finley Wilson having conveyed an easement in Ethel Street to defendants they are entitled to use the street to the extent that their use does not interfere with the prior easements of plaintiffs and the other subdivision lot owners. *Johnson v. Skyline Telephone Membership Corp., supra.* (8) Since plaintiffs' only legal right in regard to Ethel Street is to use it as a *street* and to have such use not interfered with, their action to prevent the street from being opened and used as a street has no legal basis and should have been dismissed by summary judgment pursuant to defendants' motion.

Thus, the order enjoining defendants from using Ethel Street is vacated and the matter remanded to the trial court for the entry of an order dismissing plaintiffs' action and for a determination of defendants' damages, if any, as a consequence of being erroneously enjoined from using the street.

Vacated and remanded.

Judges WELLS and BECTON concur.